JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

**New Jersey Address**:
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
John M. Nolan, Esq. (JN 9794)
David M. Walsh, Esq. (DW 3218)

ATTORNEYS FOR DEFENDANT
THE RBA GROUP

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHARLES E. GORE, | : | |
| | : | Civil Action No. 03-CV-9442 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **DEFENDANT THE RBA** |
| THE RBA GROUP, INC., AND | : | **GROUP'S AMENDED** |
| HAIDER ENGINEERING, | : | **ANSWER AND DEFENSES** |
| | : | **WITH CROSS CLAIMS** |
| Defendants. | : | |

Defendant The RBA Group ("RBA" or "Defendant"), through its attorneys

Jackson Lewis LLP, hereby amends its answers to the second amended complaint of Plaintiff,

Charles Gore, as follows:

<u>Parties</u>

1.      Defendant denies the allegations contained in paragraph 1 of the second

amended complaint, but avers Plaintiff was employed by Defendant RBA for a portion of the

time between November 1999 and January 2004.

2.      Defendant admits the allegations contained in paragraph 2 of the second amended complaint.

3.      Defendant denies the allegations contained in paragraph 3 of the second amended complaint as pled, but avers Defendant RBA provides professional services for the State of New York.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the second amended complaint.

5.      There is no paragraph 5 of the second amended complaint.

6.      There is no paragraph 6 of the second amended complaint.

7.      There is no paragraph 7 of the second amended complaint.

8.      There is no paragraph 8 of the second amended complaint.

<u>Venue And Jurisdiction</u>

9.      Paragraph 9 of the second amended complaint sets forth a legal conclusion to which no response is required.

10.      Paragraph 10 of the second amended complaint sets forth a legal conclusion to which no response is required.

<u>Nature of the Action</u>

11.      Defendant denies the allegations contained in paragraph 11 of the second amended complaint.

12.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the second amended complaint.

13.      Defendant admits the allegations contained in paragraph 13 of the second amended complaint.

<u>Facts</u>

14.     Defendant admits the allegations contained in paragraph 14 of the second amended complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the second amended complaint, and avers that Plaintiff was not employed by this answering Defendant in July 2001.

16.     Defendant denies the allegations contained in paragraph 16 of the second amended complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the second amended complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the second amended complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the second amended complaint, but avers it received information about a complaint allegedly filed by Plaintiff with the New York State Department of Transportation, and further states the contents of the complaint speaks for itself.

20.     Defendant denies the allegations contained in paragraph 20 of the second amended complaint as pled, but avers Plaintiff had no significant performance problems.

21.     Defendant denies the allegations contained in paragraph 21 of the second amended complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the second amended complaint.

3

23.     Defendant denies the allegations contained in paragraph 23 of the second amended complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the second amended complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the second amended complaint as pled, but avers that more senior and/or experienced employees received higher pay and had more responsibilities than Plaintiff.

26.     Defendant denies the allegations contained in paragraph 26 of the second amended complaint as pled, but avers that more senior and/or experienced employees received higher pay and had more responsibilities than Plaintiff.

27.     Defendant denies the allegations contained in paragraph 27 of the second amended complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the second amended complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the second amended complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the second amended complaint as pled, but avers Plaintiff worked on both referenced projects.

31.     Defendant denies the allegations contained in paragraph 31 of the second amended complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the second amended complaint as pled, but avers that at some point in time Mr. Ghajari had supervisory authority over Plaintiff.

4

33.    Defendant denies the allegations contained in paragraph 33 of the second amended complaint.

34.    Defendant denies the allegations contained in paragraph 34 of the second amended complaint as alleged, but avers Plaintiff was laid off when the project he was working on was substantially complete.

35.    Defendant denies the allegations contained in paragraph 35 of the second amended complaint.

First Cause of Action
(Discrimination in Violation of Title VII)

36.    Defendant repeats its answers to paragraphs 1-35 inclusive, as though fully set forth in response to paragraph 36 of the second amended complaint.

37.    Defendant denies the allegations contained in paragraph 37 of the second amended complaint.

38.    Defendant denies the allegations contained in paragraph 38 of the second amended complaint as pled and avers Plaintiff was not an employee of RBA at the time.

39.    Defendant denies the allegations contained in paragraph 39 of the second amended complaint.

40.    Defendant denies the allegations contained in paragraph 40 of the second amended complaint.

41.    Defendant denies the allegations contained in paragraph 41 of the second amended complaint.

42.    Defendant denies the allegations contained in paragraph 42 of the second amended complaint.

5

43.    Defendant denies the allegations contained in paragraph 43 of the second amended complaint.

44.    Defendant denies the allegations contained in paragraph 44 of the second amended complaint.

45.    Defendant denies the allegations contained in paragraph 45 of the second amended complaint.

46.    Defendant denies the allegations contained in paragraph 46 of the second amended complaint.

47.    Defendant denies the allegations contained in paragraph 47 of the second amended complaint.

48.    Defendant denies the allegations contained in paragraph 48 of the second amended complaint.

49.    Defendant denies the allegations contained in paragraph 49 of the second amended complaint.

Second Cause Of Action<br>(Retaliation in Violation of Title VII)

50.    Defendant repeats its answers to paragraphs 1-49 inclusive, as though fully set forth in response to paragraph 50 of the second amended complaint.

51.    Defendant denies the allegations contained in paragraph 51 of the second amended complaint.

52.    Defendant denies the allegations contained in paragraph 52 of the second amended complaint.

53.     Defendant denies the allegations contained in paragraph 53 of the second amended complaint.

54.     Defendant denies the allegations contained in paragraph 54 of the second amended complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the second amended complaint.

56.     Defendant denies the allegations contained in paragraph 56 of the second amended complaint.

57.     Defendant denies the allegations contained in paragraph 57 of the second amended complaint.

58.     Defendant denies the allegations contained in paragraph 58 of the second amended complaint.

<u>Third Cause Of Action</u>
(Discrimination in Violation of 42 U.S.C. § 1981)

59.     Defendant repeats its answers to paragraphs 1-58 inclusive, as though fully set forth in response to paragraph 59 of the second amended complaint.

60.     Paragraph 60 of the second amended complaint sets forth a legal conclusion to which no response is required.

61.     Defendant denies the allegations contained in paragraph 61 of the second amended complaint.

62.     Defendant denies the allegations contained in paragraph 62 of the second amended complaint.

63.    Defendant denies the allegations contained in paragraph 63 of the second amended complaint.

64.    Defendant denies the allegations contained in paragraph 64 of the second amended complaint.

<u>Fourth Cause Of Action</u>
(Retaliation in Violation of 42 U.S.C. § 1981)

65.    Defendant repeats its answers to paragraphs 1-64 inclusive, as though fully set forth in response to paragraph 65 of the second amended complaint.

66.    Defendant denies the allegations contained in paragraph 66 of the second amended complaint.

67.    Defendant denies the allegations contained in paragraph 67 of the second amended complaint.

68.    Defendant denies the allegations contained in paragraph 68 of the second amended complaint.

69.    Defendant denies the allegations contained in paragraph 69 of the second amended complaint.

70.    Defendant denies the allegations contained in paragraph 70 of the second amended complaint.

71.    Defendant denies the allegations contained in paragraph 71 of the second amended complaint.

<u>Fifth Cause Of Action</u>
(Discrimination in Violation of New York State Human Rights Law)

72.    Defendant repeats its answers to paragraphs 1-71 inclusive, as though fully set forth in response to paragraph 72 of the second amended complaint.

8

73.    Paragraph 73 of the second amended complaint sets forth a legal conclusion to which no response is required.

74.    Paragraph 74 of the second amended complaint sets forth a legal conclusion to which no response is required.

75.    Paragraph 75 of the second amended complaint sets forth a legal conclusion to which no response is required.

76.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the second amended complaint.

77.    Defendant denies the allegations contained in paragraph 77 of the second amended complaint.

78.    Defendant denies the allegations contained in paragraph 78 of the second amended complaint.

79.    Defendant denies the allegations contained in paragraph 79 of the second amended complaint.

<u>Sixth Cause of Action</u>
(Retaliation in Violation of New York State Human Rights Law)

80.    Defendant repeats its answers to paragraphs 1-79 inclusive, as though fully set forth in response to paragraph 80 of the second amended complaint.

81.    Defendant denies the allegations contained in paragraph 81 of the second amended complaint.

82.    Defendant denies the allegations contained in paragraph 82 of the second amended complaint.

83.     Defendant denies the allegations contained in paragraph 83 of the second amended complaint.

84.     Defendant denies the allegations contained in paragraph 84 of the second amended complaint.

85.     Defendant denies the allegations contained in paragraph 85 of the second amended complaint.

Seventh Cause of Action
(Discrimination in Violation of New York City Human Rights Law-Defendant RBA only)

86.     Defendant repeats its answers to paragraphs 1-85 inclusive, as though fully set forth in response to paragraph 86 of the second amended complaint.

87.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the second amended complaint.

88.     Paragraph 88 of the second amended complaint is a statement of legal claims to which no response is required.

89.     Paragraph 89 of the second amended complaint sets forth a legal conclusion to which no response is required.

90.     Defendant denies the allegations contained in paragraph 90 of the second amended complaint.

91.     Defendant denies the allegations contained in paragraph 91 of the second amended complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the second amended complaint.

93.     Defendant denies the allegations contained in paragraph 93 of the second amended complaint.

## Eighth Cause of Action
(Retaliation in Violation of New York City Human Rights Law-Defendant RBA only)

94.     Defendant repeats and realleges its answers to paragraph 1-93 inclusive, as though fully set forth in response to paragraph 94 of the second amended complaint.

95.     Defendant denies the allegations contained in paragraph 95 of the second amended complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the second amended complaint.

97.     Defendant denies the allegations contained in paragraph 97 of the second amended complaint.

98.     Denies Plaintiff is entitled to the relief demanded in the Wherefore clause.

## SEPARATE DEFENSES

### AS AND FOR A FIRST SEPARATE DEFENSE

Plaintiff's second amended complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND SEPARATE DEFENSE

Plaintiff's second amended complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver and/or estoppel.

### AS AND FOR A FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust his administrative remedies and meet applicable filing requirements.

### AS AND FOR A FIFTH SEPARATE DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A SIXTH SEPARATE DEFENSE

Plaintiff's second amended complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's race or any other protected classification.

12

## AS AND FOR A SEVENTH SEPARATE DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was based upon reasonable factors other than Plaintiff's race or any other protected classification.

## AS AND FOR AN EIGHTH SEPARATE DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was justified by business necessity.

## AS AND FOR A NINTH SEPARATE DEFENSE

Defendant did not know, or have reason to know, of the alleged discrimination and/or harassment.

## AS AND FOR A TENTH SEPARATE DEFENSE

Defendant took immediate action to prevent and remedy any alleged discrimination and/or harassment.

## AS AND FOR AN ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred because the complained of conduct was neither offensive nor unwelcome, and/or Plaintiff participated in such conduct.

## AS AND FOR A TWELFTH SEPARATE DEFENSE

Plaintiff's claims of race discrimination and/or harassment are barred and/or any recovery of damages is precluded because the Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

## AS AND FOR A THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims of race discrimination and/or harassment are barred and/or any

recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive and corrective opportunities or to avoid harm otherwise.

### AS AND FOR A FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR A FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims against Defendant are barred because Plaintiff was not an employee of Defendant at the time the alleged harassing remarks were reportedly made to Plaintiff.

WHEREFORE, Defendant respectfully requests that this Court:

a.    Dismiss the second amended complaint in its entirety;

b.    Deny each and every demand, claim and prayer for relief contained in the Second amended complaint;

c.    Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexation action; and

d.    Grant such other and further relief as the Court may deem just and proper.

### CLAIM AND CROSS-CLAIM FOR CONTRIBUTION

1.    The answering Defendant hereby demands contribution from any and all co-defendants, in accordance with the common law and all applicable statutory laws, respectively.

## CLAIM AND CROSS-CLAIM FOR INDEMNIFICATION

1.    If the answering Defendant becomes responsible for any judgment, it is hereby asserted that its conduct, if any, was merely constructive, technical, imputed or vicarious and that the primary and responsible conduct was on the part of the co-defendants.

2.    Further, the co-defendants are obligated by operation of law and contracts expressly and otherwise to indemnify the answering Defendant and hold it harmless of any claims which form the subject matter of this lawsuit.

WHEREFORE, RBA demands judgment against co-defendants as follows:

a.  Awarding contribution and/or indemnification; and

b.  Awarding attorney's fees; and

c.  Granting such other and further relief as the Court may deem just and proper, along with costs of suit.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
(973) 538-6890

By:  ___/s/ David M. Walsh_____
       John M. Nolan, Esq. (JN 9794)
       David M. Walsh, Esq. (DW 3218)

Dated:  October 29, 2004

74105 pleading004-amendans

15

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

**New Jersey Address**:
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
John M. Nolan, Esq. (JN 9794)
David M. Walsh, Esq. (DW 3218)

ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHARLES E. GORE, | : | |
| | : | Civil Action No. 03-CV-9442 (RCC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE RBA GROUP, INC, AND | | |
| HAIDER ENGINEERING | : | **Certification of Service** |
| | : | |
| Defendant. | : | |
| | : | |

I hereby certify that a true and correct copy of Defendant, The RBA Group's amended answer and defenses with crossclaims to Plaintiff's second amended complaint was served upon and Charles Edelson, Esq., Chao & Edelson LLC, 230 Park Avenue, Suite 2600, New York, New York 10169-0069, attorney for Plaintiff, and Haider Engineering, P.C., 755 Merrick Road, Baldwin, New York 11510, via Federal Express overnight mail on October 29, 2004.

s/David M. Walsh
David M. Walsh

74105 pleading005-certofservice