WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant Haider Engineering, P.C.
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn:   James O'Brien, Esq. (JO 6722)
        Lalit K. Loomba, Esq. (LL 9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHARLES E. GORE,                                : 03 Civ. 9442 (RJS)(JCF)

                           Plaintiff,           : **ANSWER TO SECOND-**
        -against-                                 **AMENDED COMPLAINT**
                                                :
THE RBA GROUP, INC. and
HAIDER ENGINEERING,                             :

                           Defendants           :
------------------------------------------------------------------x

   Defendant Haider Engineering, P.C. (s/h/a Haider Engineering) (hereinafter, "Haider Engineering"), by its undersigned attorneys, as and for its answer to plaintiff's second-amended complaint, alleges as follows:

The Parties

   1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.

   2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2.

   3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

1963890.1

4. Denies the allegations contained in paragraph 4, except admits that Haider Engineering is an engineering firm that performed work on the project pursuant to an agreement with defendant The RBA Group, Inc. ("RBA")

5. The complaint does not contain a paragraph numbered "5," and so no answer is required.

6. The complaint does not contain a paragraph numbered "6," and so no answer is required.

7. The complaint does not contain a paragraph numbered "7," and so no answer is required.

8. The complaint does not contain a paragraph numbered "8," and so no answer is required.

Venue and Jurisdiction

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, and respectfully refers all questions of law to the Court.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and respectfully refers all questions of law to the Court.

Nature of the Action

11. Denies all factual allegations contained in paragraph 11, and respectfully refers all questions of law to the Court.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12, and respectfully refers all questions of law to the Court.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13.

Facts

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, except denies that Haider Engineering reduced plaintiff's hourly rate during any period of time relevant to this action.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21.

1963890.1

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22, and respectfully refers all legal question to the Court, except admits that plaintiff was employed by Haider Engineering.

23. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34, except denies that Haider Engineering ever terminated plaintiff during any period of time relevant to this action.

35. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35.

As and For a Response to the First Cause of Action
(Discrimination in Violation of Title VII)

36. Repeats and realleges each response to paragraphs 1 through 35 above as if set forth fully herein.

37. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37, and respectfully refers all questions of law to the Court.

38. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37, except admits that plaintiff was employed by Haider Engineering.

39. Denies the allegations contained in paragraph 39, and respectfully refers all questions of law to the Court.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43, and respectfully refers all questions of law to the Court.

44. Denies the allegations contained in paragraph 44, and respectfully refers all questions of law to the Court.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49, and respectfully refers all questions of law to the Court.

As and For a Response to the Second Cause of Action
(Retaliation in Violation of Title VII)

50. Repeats and realleges each response to paragraphs 1 through 49 above as if set forth fully herein.

51. Denies the allegations contained in paragraph 51, and respectfully refers all questions of law to the Court.

52. Denies the allegations contained in paragraph 52, except denies that Haider Engineering had any knowledge of alleged wrongful conduct on the part of Mr. Giarraputo.

53. Denies the allegations contained in paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55, except denies that Haider Engineering terminated plaintiff.

56. Denies the allegations contained in paragraph 56, and respectfully refers all questions of law to the Court.

57. Denies the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58, and respectfully refers all questions of law to the Court.

As and For a Response to the Third Cause of Action
(Discrimination in Violation of 42 U.S.C. §1981)

59. Repeats and realleges each response to paragraphs 1 through 58 above as if set forth fully herein.

60. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60, and respectfully refers all questions of law to the Court.

61. Denies the allegations contained in paragraph 61, and respectfully refers all questions of law to the Court.

62. Denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64, and respectfully refers all questions of law to the Court.

1963890.1

## As and For a Response to the Fourth Cause of Action
(Retaliation in Violation of 42 U.S.C. §1981)

65. Repeats and realleges each response to paragraphs 1 through 64 above as if set forth fully herein.

66. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66, and respectfully refers all questions of law to the Court.

67. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67, except denies that Haider Engineering had knowledge that plaintiff complained about discrimination.

68. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68, except denies that Haider Engineering terminated plaintiff.

69. Denies the allegations contained in paragraph 69, and respectfully refers all questions of law to the Court.

70. Denies the allegations contained in paragraph 70.

71. Denies the allegations contained in paragraph 71, and respectfully refers all questions of law to the Court.

## As and For a Response to the Fifth Cause of Action
(Discrimination in Violation of New York State Human Rights Law)

72. Repeats and realleges each response to paragraphs 1 through 71 above as if set forth fully herein.

73. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73, and respectfully refers all questions of law to the Court.

74. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74, and respectfully refers all questions of law to the Court.

75. Denies the allegations contained in paragraph 75, and respectfully refers all questions of law to the Court, except admits that plaintiff was employed by Haider Engineering.

76. Denies the allegations contained in paragraph 76, and respectfully refers all questions of law to the Court, except admits that plaintiff was employed by Haider Engineering.

77. Denies the allegations contained in paragraph 77.

78. Denies the allegations contained in paragraph 78, and respectfully refers all questions of law to the Court.

79. Denies the allegations contained in paragraph 79, and respectfully refers all questions of law to the Court.

As and For a Response to the Sixth Cause of Action
(Retaliation in Violation of New York State Human Rights Law)

80. Repeats and realleges each response to paragraphs 1 through 80 above as if set forth fully herein.

81. Denies the allegations contained in paragraph 81, and respectfully refers all questions of law to the Court.

82. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82, except denies that Haider Engineering had knowledge that plaintiff complained about discrimination.

83. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83, except denies that Haider Engineering terminated plaintiff.

84. Denies the allegations contained in paragraph 84, and respectfully refers all questions of law to the Court.

85. Denies the allegations contained in paragraph 85, and respectfully refers all questions of law to the Court.

<u>As and For a Response to the Seventh Cause of Action</u>
(Discrimination in Violation of New York City Human Rights Law – Defendant RBA Only)

86. Repeats and realleges each response to paragraphs 1 through 85 above as if set forth fully herein.

87. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87.

88. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88, and respectfully refers all questions of law to the Court.

89. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89, and respectfully refers all questions of law to the Court.

1963890.1

90. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90, and respectfully refers all questions of law to the Court.

91. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91, and respectfully refers all questions of law to the Court.

92. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92, and respectfully refers all questions of law to the Court.

93. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93, and respectfully refers all questions of law to the Court.

As and For a Response to the Eighth Cause of Action
(Retaliation in Violation of New York City Human Rights Law – Defendant RBA Only)

94. Repeats and realleges each response to paragraphs 1 through 93 above as if set forth fully herein.

95. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95, and respectfully refers all questions of law to the Court.

96. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96, and respectfully refers all questions of law to the Court.

97. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97, and respectfully refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### As and For a First Affirmative Defense

98. The second-amended complaint fails to state a cause of action upon which relief can be granted as a matter of law.

### As and For a Second Affirmative Defense

99. The second-amended complaint is barred, in whole or in part, by the applicable statute of limitations.

### As and For a Third Affirmative Defense

100. Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver and/or estoppel.

### As and For a Fourth Affirmative Defense

101. Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative remedies and to meet applicable filing requirements.

### As and For a Fifth Affirmative Defense

102. Haider Engineering, at all relevant times, acted in good faith and did not violate any of plaintiff's local, state or federal rights.

### As and For a Sixth Affirmative Defense

103. Any actions taken by Haider Engineering with respect to plaintiff were undertaken in good faith and for legitimate business reasons unrelated to plaintiff's race or any other protected classification.

1963890.1

### As and For a Seventh Affirmative Defense

104. Haider Engineering did not know, or have reason to know, of the alleged discrimination and/or harassment.

### As and For an Eighth Affirmative Defense

105. Plaintiff's claims are barred because the complained of conduct was neither offensive nor unwelcome, and/or plaintiff participated in such conduct.

### As and For a Ninth Affirmative Defense

106. In the alternative, plaintiff's claims of race discrimination and/or harassment are barred and/or any recovery of damages is precluded because Haider Engineering exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

### As and For a Tenth Affirmative Defense

107. Plaintiff's claims of race discrimination and/or harassment are barred and/or any recovery of damages is precluded because plaintiff unreasonable failed to take advantage of preventative and corrective opportunities or to avoid harm otherwise.

### As and For an Eleventh Affirmative Defense

108. Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages.

### As and For a Twelfth Affirmative Defense

109. Plaintiff's second-amended complaint must be dismissed for insufficiency of service of process.

1963890.1

## AS AND FOR CROSS CLAIMS AGAINST
## DEFENDANT THE RBA GROUP, INC.

### As and For a Cross-Claim based in Contribution

110. Haider Engineering demands contribution from defendant RBA in accordance with common law and all applicable statutory laws, respectively.

### As and For a Cross-Claim based in Indemnification

111. Haider Engineering demands indemnification from defendant RBA against any judgment entered herein on grounds of common-law and contractual indemnification.

WHEREFORE, defendant Haider Engineering, P.C. demands judgment (i) dismissing plaintiff's second amended complaint with prejudice, (ii) awarding contribution and/or indemnification against defendant RBA, (iii) awarding the costs and expenses, including attorney's fees, incurred in the defense of this case, and (iv) such other, further and different relief as the Court may deem just and proper.

Dated: White Plains, New York
April 24, 2008

> WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP
> Attorneys for Defendant Haider
> Engineering, P.C.
>
> By: Lalit K. Loomba (LL 9755)
>
> 3 Gannett Drive
> White Plains, NY 10604
> (914) 323-7000
> Our File No. 10991.00001

1963890.1

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

Patricia Harris, being duly sworn, says: that I am not a party to this action, am over 18 years of age and reside in Fairfield County, State of Connecticut.

On the 24th day of April 2008, I served the within document entitled **ANSWER TO SECOND-AMENDED COMPLAINT** on:

>DAVID FISH, ESQ.
>Attorney for Plaintiff
>500 Fifth Avenue, Suite 5100
>New York, NY 10010
>
>SOKOL, BEHOT & FIORENZO
>Attorneys for Defendant The RBA Group, Inc.
>433 Hackensack Avenue
>Hackensack, NJ 07601

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*Patricia Harris*
Patricia Harris

Sworn to before me this
24th day of April 2008

_____
Notary Public

LALIT K. LOOMBA
Notary Public, State of New York
No. 60-5006806
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires Jan. 11, 2011

- 15 -

1963890.1