

**DAVID M. FISH**
Counselor and Attorney at Law
WWW.DAVIDMFISH.COM

500 Fifth Avenue, Suite 5100
New York, NY 10110-5197
Telephone 212.869.1040
Facsimile 212.869.4648

May 15, 2008

**By ECF**
Hon. Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

Re:   GORE V. THE RBA GROUP, INC. AND HAIDER ENGINEERING
      03 CV. 9442 (RJS)(JCF)

Dear Judge Sullivan:

      I am counsel to the plaintiff in the referenced matter. This is in response to Your Honor's May 12 Order directing that we respond to defendant Haider's May 9, 2008 letter and explain why we believe Haider's motion to dismiss based upon "failure to serve" is likely to fail.

      As I explained to counsel, Haider's procedural argument is disingenuous and runs contrary to the actual events in this case. First, Haider actually received the June 24, 2004 Second Amended Complaint. On November 11, 2004, Haider was served with the "second amended complaint with summons" by prior counsel, after previously being served with the Motion to Amend Complaint, and accompanying Second Amended Complaint on June 29, 2004. Haider acknowledged receipt of the Second Amended Complaint, and had numerous discussions with my predecessor regarding it (see attached letters from prior counsel).

      Given Haider's actual receipt of the Second Amended Complaint, it cannot use its "strict compliance" argument to void its received **and acknowledged** mail service. Courts have stated that, even lacking strict compliance with Fed. R. Civ. P. 4(c)(2)(C)(ii), service of process is effective where the recipient received the mail, thus affording actual notice to the defendant. Fed. R. Civ. P. 4(c)(2)(C)(ii) should not be read to void a received-but-unacknowledged mail service, or to substitute the requirement of personal service in lieu of an acknowledged mail service. Morse v. Elmira Country Club, 752 F.2d 35, 39 (2d Cir. 1984); Deshmukh v. Cook, 630 F. Supp. 956 (S.D.N.Y. 1986)("'strong factors of justice and equity' favor a finding of effective service where, as here, the recipient actually receives the mail service, but refuses to acknowledge it.").

Hon. Richard J. Sullivan
May 15, 2008
Page 2 of 2

    Finally, this argument – made after adjudication of dispositive motions and this Court's order to complete the pre-trial order – is barred by the doctrine of laches.

    I look forward to discussing this further and answering any questions Your Honor may have at our May 22 conference.

                                            Sincerely,

                                            David M. Fish

DMF:
Attachments
cc:    Joseph B. Fiorenzo, Esq. *(by fax (201) 488-2460)*
       Lalit K. Loomba, Esq. *(by fax (914) 323-7001)*

Christopher P. Edelson  E-Mail: chedelson@chaoedelson.com
(212) 867-4754

November 11, 2004

Haider Engineering
755 Merrick Road
Baldwin, NY 11510

    Re:    <u>Gore v. The RBA Group and Haider Engineering; 03 CV 9442 (SDNY)</u>

Dear Sir or Madam:

    I have not received formal notice from the court, but my understanding is that the court has permitted plaintiff leave to amend and accepted his second amended complaint. Accordingly, as mentioned in prior correspondence, I am including the second amended complaint with summons. Please call me at (212) 867-4754 with any questions.

                              Sincerely yours,

                              Christopher P. Edelson

Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
CHARLES E. GORE,                                             :       03 Civ. 9442 (RCC) (JCF)
:
                    Plaintiff,                               :
:
       - against -                                           :
                                                             :       AFFIRMATION OF SERVICE
THE RBA GROUP, and                                           :
HAIDER ENGINEERING,                                          :
                                                             :
                    Defendants.                              :
------------------------------------------------------------x

       I, Christopher P. Edelson, hereby affirm that:

1.    I am not a party to the above referenced action, and am over 18 years of age.

2.    On June 29, 2004, I served the foregoing Motion to Amend Complaint, and accompanying Second Amended Complaint, on Defendants as follows, by first class mail:

John M. Nolan, Esq.
Jackson Lewis LLP
220 Headquarters Plaza
East Tower
7th Floor
Morristown, NJ 07960-6834

Haider Engineering
2520 Flatbush Avenue
Brooklyn, NY 11234

    Service of the Second Amended Complaint will follow with Summons in the event that the Court grants leave to amend.

Christopher P. Edelson                E-Mail: chedelson@chaoedelson.com
(212) 867-4754


July 27, 2004


Haider Engineering
755 Merrick Road
Baldwin, NY 11510

      Re:    <u>Gore v. The RBA Group and Haider Engineering; 03 CV 9442 (SDNY)</u>

Dear Sir or Madam:

    Enclosed please find a motion to amend complaint and second amended complaint in the above-referenced case. Haider was not named as a defendant in the previously filed complaints but is named in this complaint, which has been submitted to the court for approval. I sent the enclosed document previously (on June 29, 2004), but I apparently did not have your correct address—please call me at 212 867-4754 to confirm receipt of this package.

    As noted in my June 29 letter, if the court permits plaintiff leave to amend, I will have this complaint served on you with a summons. In the meantime, please call me at (212) 867-4754 with any questions.


                            Sincerely yours,


                            Christopher P. Edelson

Enclosure



CHRISTOPHER P. EDELSON, ESQ.
155 East 47th Street #2E
New York, N.Y. 10017
Telephone: (646) 704-2447

October 27, 2005

Syed Haider
Haider Engineering
755 Merrick Road
Baldwin, NY 11510

Re:   Gore v. The RBA Group and Haider Engineering; 03 CV 9442 (SDNY)

Dear Mr. Haider:

As you know, the Court has denied RBA's motion for summary judgment in the above-referenced case. Haider did not file a motion for summary judgment and did not file any objections to the Court's decision. Accordingly, Mr. Gore's claims against Haider will go to trial before a jury.

I would like to strongly recommend, as I have in the past, that Haider Engineering obtains legal representation. I believe it would be useful to discuss the option of out of court settlement before trial. However, I think this can best be done if Haider is represented by counsel. Moreoever, if the claims against Haider cannot be resolved, Haider will be required to obtain representation for trial, as defendants are not permitted to proceed *pro se* (representing themselves without an attorney) at trial in federal court, which is where this case has been brought.

I hope that Haider will obtain counsel; if it does, please ask such counsel to contact me. If you have any questions before obtaining counsel (I cannot speak to you if you are represented by counsel), please contact me yourself. If you do want to discuss settlement with me, without counsel (which I do not recommend; I recommend that you obtain counsel), you can contact me at 646 704-2447.

Sincerely yours,

Christopher P. Edelson