WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant Haider Engineering, P.C.
3 Gannett Drive
White Plains, NY  10604
(914) 323-7000
Attn:   James O'Brien, Esq. (JO 6722)
        Lalit K. Loomba, Esq. (LL 9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CHARLES E. GORE,                                    :   03 Civ. 9442 (RJS)(JCF)

                            Plaintiff,              :

        -against-                                   :

                                                    :   **DECLARATION OF**
THE RBA GROUP, INC. and                                 **LALIT K. LOOMBA, ESQ.**
HAIDER ENGINEERING,                                 :

                            Defendants.             :
-----------------------------------------------------------------------x

        LALIT K. LOOMBA, an attorney admitted to practice law before the Courts of the State

of New York and the United States District Court for the Southern District of New York, hereby

declares under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

        1.      I am an associate with the firm of Wilson, Elser, Moskowitz, Edelman & Dicker

LLP.  I submit this declaration in support of the motion by defendant Haider Engineering, P.C.

("Haider Engineering") to dismiss plaintiff's second-amended complaint.

        2.      Annexed hereto as **Exhibit A** is copy of plaintiff's first-amended complaint dated

February 20, 2004.

        3.      Annexed hereto as **Exhibit B** is a copy of the docket sheet in the above-captioned

case printed from the Court's CM/ECF website.

2008432.1

4. Annexed hereto as **Exhibit C** is a copy of a letter dated November 11, 2004 from plaintiff's former attorneys, Chao & Edelson, L.L.C.  The letter attaches a copy of a summons dated July 6, 2004, and the second-amended complaint dated June 24, 2004.

5. Annexed hereto as **Exhibit D** is a copy of the second-amended complaint dated June 24, 2004.

6. Annexed hereto as **Exhibit E** is a copy of Haider Engineering's answer to plaintiff's second-amended complaint.  The answer is dated and was filed April 24, 2008.

7. Annexed hereto as **Exhibit F** is a copy of a letter dated May 15, 2008, from plaintiff's current counsel, David M. Fish, Esq.

8. Annexed hereto as **Exhibit G** is a copy of the complaint filed by plaintiff with the United States Equal Employment Opportunity Commission.

9. Haider Engineering, P.C. is a professional corporation organized under the laws of the state of New York.  Annexed hereto as **Exhibit H** is a copy of a page reflecting the status of Haider Engineering printed from the website maintained by the New York State Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 11, 2008.

Lalit K. Loomba

- 2 -

Charles E. Gore

V

The RBA Group

PRO SE OFFICE

U.S. DISTRICT COURT
FILED
FEB 2 0 2004
S. D. OF N.Y

Amended
Complaint

03 CV 9442

Judge Casey

2·20·04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Charles E. Gore*

_____

_____

NAME OF PLAINTIFF(S)

NOV 2 5 2003

*Jury Trial Demanded*

v.

*The RBA Group*

_____

_____

_____

NAME OF DEFENDANT(S)

**03 CV** COMPLAINT **9442**

**JUDGE CASE**

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

  ✓   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1.  Plaintiff resides at:

626 West 165th St. Apt # 46                           NY
_____         _____
Street Address                                       City

MANHATTAN            NY      10032   212 543 1909
_____
County              State   Zip Code  Telephone Number

2.  Defendant(s) lives at, or its business is located at:

27 Union Sq. West, 4th Floor                         NY
_____         _____
Street Address                                       City

MANHATTAN            NY      10003-3366   212-741-8090
_____
County              State   Zip Code    Telephone Number

3.  The address at which I sought employment or was employed by the defendant(s) is: (NY STATE Dept. OF Transportation IRROA Field Office)

Long Island Expy @ Rte # 231
5570 Deer Park Avenue
_____
Street Address

Suffolk        Dix Hills        NY          11746
_____
County         City            State        Zip Code

2

4.   The discriminatory conduct of which I complain in this action includes (check only those that apply):

_____        Failure to hire me.

✓            Termination of my employment.

✓            Failure to promote me.

_____        Failure to accommodate my disability.

✓            Unequal terms and conditions of my employment.

✓            Retaliation

_____        Other acts (specify): _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5.   It is my best recollection that the alleged discriminatory acts occurred on: __5·14·2001 to Present__
                                                         *Date*

6.   I believe that defendant(s) (check one)

✓            is still committing these acts against me.

_____        is not still committing these acts against me.

7.   Defendant(s) discriminated against me based on my:
                *(check only those that apply and explain).*

[  ]  race _____          [  ]  color _____

[  ]  gender/sex _____    [  ]  religion _____

[  ]  national origin _____

[  ]  age _____.  My date of birth is: _____
                                                *Date*

[  ]  disability _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

3

8.    The facts of my case are as follows:

I was asked by my employer (RBA Group) to do the company a favor
by relocating to suffolk county from the city to work on a new contract
(#D258650) They stated to me that the state of NY would not allow
the RBA Group to staff additional senior inspectors to the contract
so I would work under the payroll of the RBA Group sub-contractor
(HALDER Engineering) until the completion of D258658 & then return back
to RBA Group payroll. During the course of my stay for D258658
I was called many explicit racial names by Mr. Giannasato (RBA) Mr. Joe Fitzgerald (Eng. 2B contr.)
(RESIDENT ENG.)
(NYSDOT) my daily reports were sabotaged to discredit my professionalism

(Attach additional sheets as necessary)  ( Refer to sht #
                                            8A )

Note:    As additional support for the facts of your claim, you
may attach to this complaint a copy of the charge filed
with the Equal Employment Opportunity Commission, the New
York State Division of Human Rights, or the New York City
Commission on Human Rights.

9.    It is my best recollection that I filed a charge with the New
York State Division of Human Rights or the New York City Commission
on Human Rights regarding defendant's alleged discriminatory
conduct on: _____
                          Date

10.    It is my best recollection that I filed a charge with the
Equal Employment Opportunity Commission regarding defendant's
alleged discriminatory conduct on: May 2002 _____.
                                          Date

4

E & A

I filed a complaint w/ NYS.DOT Highway Construction Division. (Mr. Harold Rogers) (Regional Compliance Specialist) + they forwarded a copy of my complaint to OEODC (Office of Equal Opportunity Development & Compliance) + in return I was informe that they would investigate + resolve the complaint. I was never informed by any one from their offices of the resolution. Since filing my complaint my duties lessened drastically Hanzer deducted my salary by $2.50 an hr for no apparent reason. Contract # D258658 is a major construction project in which I needed to complete in order to move up to NICET Level IV after project completion. I was constantly informed by Mr Guarnepiro + Mr Fitzgerald that they did not have any more work for me & I need to send out my resume but the project was far from being completed. My last day was initially supposed to be Oct 2002, then Dec. 2002 & finally Feb 2003 When Feb 2002 was getting near & they were pressing me to leave I told them that when RBA Group offered myself this position that I was promised, that after completion that I would return back to the city under RBA payroll. So before the contract was completed I was removed from D258658 & sent to the city to perform Level I duties in which I am Level III (sidewalk work). During my stay w/ D258658 RBA Group hired Mr George Klyskiewicz same Level III as myself & paid him more money & gave him more responsibilities RBA Group also hired Mr Elio Zerbini same level as myself & paid him more money & gave him more responsibilities but I was told that the State would not allow anymore

This was supposingly the reason why I was
instructed to work for WAIVER ENG. w/ less
benefits than RBA group. I have a degree in
electro mechanics & yet I was not allowed
work w/ any of the electrical activities
on the contract. In the past I worked for
approximately 2 yrs w/ Mr Gurrepoto solely
performing asphalt concrete installations
@ various locations in Nassau & Suffolk Counties
in where I am very knowledgeable but yet
I was not allowed to inspect or supervise
(oversee) any of the asphalt operations + Mr Gurrepu.
& Mr Fitzgerald is aware of knowledge. We were
told to work nights to lay asphalt in which
everyone received a 10% pay hike (per hr). When
the time came for us to work nights absolutely
everyone in our office was allowed to work
nights, but myself. Mr Fitzgerald & Mr Gurrepoto
told laborers, machine operators, + other staff members
employed by Bi County Construction Corp, (contracted by
the State) that it doesn't matter what I instruct
them to do any more because I have one foot out
of the door as it is. This was simply because
I complained to the state previously. Mr Gurrepoto
went around the jobsite telling different individuals
that he doesn't have any more use for me
on the Island because I stood up to him & would
not let him de-characterize nor belittle me anymore.
I decided that it was time to leave the RBA group

exept

with Vollmer Associates under a new contract
#0258969 (LIE RTE#495) HOV Construction
EXITS #52-37. Mr Steve White of Vollmer
offered me a Senior Inspector position @ 28.50 per h,
+ working 12 hrs. a day. When Mr White
gave the state my name as one of the
inspectors to start the contract, they rejected
me & told Mr White that they do not want to
have anything to do with me. So I never
started the job. When I asked Mr Rogers
why I was rejected he said that the state
never rejected me & that Vollmer mis informed
me & that I would be accepted & interviewed
for the position as told to Mr Rogers by Mr
George Knips a very good friend of Mr
Giarraputo, whom is in charge of NYSDOT
Highway construction & whom worked many
yrs w Mr Giarraputo, whom retired from
the state DOT. Mr Knips is Also Mr Fitzgerald's
Boss. Mr Fitzgerald told the EIC for contract #
0258969 (Mr Brian McNamara) that I was teamed
to contract #0258969 for a least another yr
I asked Mr White if he was aware of the state
reply to me & he said that they are just leading
me on because he later filled all the positions
a the state knows that. In general the state
usually just take the names of the inspectors
for payment & doesn't concern themselves with
whom consulting engineering firms hire unless

Since I began working in the city w/
a new staff the RBA group told my new
RE that I have a claim against the
RBA group & I was told by a staff
member that when you go against a
company do not expect to work for
them for long. Every year on your
work anniversary an employee receives
@ 5% pay increase & when you start a
new contract you receive a pay increase
I have not received either since May
2002. The RBA Group mis informed
the EEOC & falsified information by making
the EEOC think that my claim was based
on the sidewalk jobs that I am doing
@ present. I was informed by a staff member
of the EEOC that they are swarmed with
cases & that they do not investigate most of
them & my case was one of them. I can not
receive or test for my NICET Level IV
Certification because I was not accredited
for my supervisory position on a major project
from start to finish (D258658). My time
@ efforts on Contract # D258658 was a total
waste of time. The RBA Group also hired
Mr James Elder @ Level III & paid him more $$
during my stay. Contract # D258658 was
still on going in August of this yr & probably
still is I have not checked lately,

**Only litigants alleging age discrimination must answer Question # 11.**

11.  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*,

_____  60 days or more have elapsed.

_____  less than 60 days have elapsed.


12.  The Equal Employment Opportunity Commission (check one):

_____  has **not** issued a Right to Sue letter.

___✓___  has issued a Right to Sue letter, which I
received on ___8.29.03___
                    *Date*

NOTE:    Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.


WHEREFORE, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

*Charles E. Gore*
PLAINTIFF'S SIGNATURE

Dated: ___11·20·03___

*Charles E. Gore*

2·20·04

5

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

rm 161 (10/96)

| To: Charles Gore<br>626 West 165th Street, Apt 46<br>New York, New York 10032 | From: Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |
|---|---|

On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| e No.<br>2-01999 | EEOC Representative<br>Legal Unit   R-1 | Telephone No.<br>(212) 336-3721 |
|---|---|---|

**EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]   While reasonable efforts were made to locate you, we were not able to do so.

[  ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]   Other (briefly state) _____

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

, VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of iissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right e based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

al Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA rpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not ollectible.

On behalf of the Commission

_____          8/27/03
Spencer H. Lewis, Jr., District Director          (Date Mailed)

osure(s)

Respondent(s):   The RBA Group
One Evergreen Place
P.O. Box 1927
Morristown, N.J. 07962
Attn: Lori Cole, Director, Human Resources



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Phone: (212) 336-3620
General Fax: (212) 336-3625
TTY: (212) 336-3622

Rodney E Plummer
Federal Investigator
Phone (212) 336-3767
Fax (212) 336-3790

August 26, 2003

Charles Gore
626 West 165th Street, Apt 46
New York, New York 10032

Re: Charles Gore v. The RBA Group
EEOC Charge No. 160-A2-01999

Dear Mr. Gore:

The Equal Employment Opportunity Commission (hereinafter referred to as the Commission) has concluded its inquiry into your allegations of discrimination. The Commission's procedures require us to focus our limited resources on those cases that are most likely to result in findings of a violation of the laws we enforce. In accordance with these procedures, the Commission has evaluated your charge, including the information you provided, and has concluded that the evidence is not sufficient to continue this investigation.

You allege that you were discriminated against because of your race, color, national origin and retaliation when you complained in violation of Title VII of the Civil Rights Act of 1964, as amended. More specifically, you allege that your employer, The RBA Group (hereinafter referred to as Respondent) promoted a hostile work environment when it allowed Jack Giarraputo, Resident Engineer, to characterize you as "being dumb, a nigger, snake, monkey, etc.", and took no action. You further allege that Respondent sabotaged the majority of your federal documents.

You also allege that you were the lowest paid Engineer, assigned administrative duties, not allowed to work in your craft, and denied the opportunity to work the night shift where you would receive night differential pay.

Respondent's position statement indicates that it first became aware of your complaint on April 10, 2002 and on April 15, 2002 began an investigation into your allegations of harassment by Mr. Giarraputo. The investigation included direct questioning of seven employees who worked with both you and Mr. Giarraputo. The findings were that Mr. Giarraputo did in fact make several inappropriate, racial comments directed at you.

As a result of the investigation, Lori Cole, Director, Human Resources and Tony Mavis, Director, New York Office and Field Projects Employees, met with Mr. Giarraputo and reviewed Respondent's policy regarding discrimination and harassment in the workplace. Mr. Giarraputo acknowledged his inappropriate behavior. Mr. Giarraputo further acknowledged that if there were any additional infractions of this type he would be terminated immediately. The investigation and meeting with Mr. Giarraputo were outlined in writing indicating that Respondent would monitor Mr. Giarraputo's behavior. This letter was sent to Mr. Rodgers, NYSDOT, EEO Compliance Officer, who indicated that he was satisfied with the action of Respondent.

Respondent also indicates that you were encouraged to contact Mr. Mavis if any further incidents occurred and acknowledges that you complained to Human Resources regarding your inspection reports being altered by Julio Amaya, Office Engineer. On May 24, 2002, Mr. Mavis conducted a meeting in the field office with you, George Knips, NYSDOT Regional Construction Engineer, Joseph Fitzgerald, NYSDOT Engineer in Charge of the project, Hal Rodgers, NYSDOT EEO Compliance Officer, James Elder, RBA Senior Inspector, Julio Amaya, RBA Office Engineer and Syed Haider, President, Haider Engineering. At this meeting, Respondent assured you that it is standard procedure for all inspector's reports to be reviewed and corrected by the Office Engineer. Also, at this meeting, Mr. Haider offered you an opportunity to be reassigned to another long term assignment which you refused.

Respondent has submitted evidence to show that working on the pedestrian ramp project, was: Mohson Ghajari, Resident Engineer, of Middle Eastern descent whose salary was $79,040; Jamil Ahmad, Office Engineer/Inspector, of Middle Eastern descent whose salary was $56,160; yourself, Senior Engineer, of African American descent whose salary was $54,080 and Syed Mazher, Inspector, of Middle Eastern descent whose salary was $45,760. It is noted that all the above mentioned employees worked the day shift. It is further noted that you are still employed by RBA.

Given the information above it is unlikely that further investigation will result in findings of a violation of the laws we enforce. This determination concludes the processing of this charge. Enclosed is your Notice of Right to Sue, allowing you to file suit in Federal District Court against the Respondent if you so choose. This letter will be the only notice of dismissal and the only Notice of Right to Sue sent by the Commission. Following this dismissal, you may only pursue this matter by filing suit within 90 days of receipt of this letter, otherwise, your right to sue will be lost.

Sincerely,

Rodney E. Plummer
Federal Investigator

September 23, 2003

RODNEY PLUMMER
33 WHITEHALL St. 5th floor
New York, New York 10004-2112

Dear Mr. Plummer

Charge number 160-A2-01999 is only in reference to Contract #D258658 Safety Improvements Route #231 @ the Long Island Expressway Route # 495. My complaint has nothing to do with the pedestrian ramp job, which I am currently working in the city of New York-- Queens Country contract number HWP2002Q in which people of Midwestern decent are employed with me. This job started March 24, 2003. My night shift work and pay was part of contract number D258658 on Long Island. As I explained earlier the reason why I am still employed with RBA GROUP is because in Oct. 2002 I was told that there wasn't anymore work available for me , When the time came for me to get laid off from working on contract number D258658 I told RBA that I was promised by the RBA GROUP that when I finished contract number D258658 that they would transfer me to another job due to the fact that they transferred me from the RBA GROUP to Haider Engineering a sub-contractor of the RBA GROUP as a favor to the company. Since I filed my complaint with the commission they said there wasn't anymore work for me. I told them that they promised me work when this job was completed. After they received notice of my civil rights complaint they didn't want to honor their verbal agreement and I told them that they must. This is the only reason why I am still employed.

Now that I am working the pedestrians ramp job contract number HWP2002Q the RBA GROUP has informed my new resident engineer that I have filed a case against the RBA GROUP. This causes a hostile working environment and difference of opinion on my character with the new people I am working with. Approximately a month ago I was told by a new co-worker that when you go after a company you don't expect to work for them much longer. I was not aware of the fact that I was going after a company I'm only standing up for my civil rights.

As a reminder Mohson Ghajari, Jamil Ahmad, and Syed Mazher started working with me

March 24, 2003 and knew nothing of my civil rights compliant until the RBA GROUP decided to inform my new superiors at a meeting that had nothing to do with myself or my presence

Contract number D258658 is to this very day still in operation in which I wasn't allowed to work night shift, where they hired two other senior inspectors who paid more than me. As far as my sabotaged reports, I was told by Mr. Giarraputo himself how to exactly write the daily reports, which he analyzed himself after I wrote them. As far as correcting the reports as a policy of the state that is correct along with notification to the individual inspector.

At this time I would like to request an investigation on the following separate issues that occurred after the second meeting with the RBA GROUP on May 24, 2002:

1. Mr. Natt Davila who is the Chief Inspector wasn't invited to any meetings with the RBA GROUP when everyone else was.
2. The flag girl for Bi-County Construction corporations told me that I have a foot out the door already and what I say doesn't matter anymore.
3. I was hired by Vollmer Associates and the state rejected my name from state contracts.
4.
Two senior inspectors were hired on contract number D258658 with the same position as myself, after the fact that I was told that the state wouldn't allow RBA GROUP to hire anybody else under this contract number. This is the reason why RBA assigned me to work under Haider Engineering until contract number D258658 was completed, which it's still under construction to this very day.
5. I wasn't given the opportunity to wok night shifts when everyone else on the staff did.
6. They deducted $2.50 an hour from my salary when I obtained level three status from the State of New York.
7. I would like for all my taped recordings to be reviewed and evaluated.
8. I haven't had an increasing pay since May of 2002 in which we receive a 5 percent increase yearly, also when you start a new job you receive an increase in pay, in which RBA GROUP denied me. At this present time I' am most definitely under paid.

9. I am requesting that Mr. White from Vollmer Associates explain why he hired me and then rejected me. That position was (6) six days a week (12) twelve hours a day due to a time agreement. at (28.50) per hour. I have letters from the state denying the information in a letter from Vollmer stating that the state rejected my name from Vollmer's roster verbally without giving explanation or reason which does not happen normally unless the inspector has a bad name.

10. Why did Mr. Joe Fitzgerald tell Mr. Brian McNamara that I could not work for him because I was committed to finishing contract # D258658 in which it is still under construction to this very day.

11. Mr. Harold Rogers promised me that I would be interviewed for the position with the state and Vollmer as ordered by Mr. George Knips, which never occurred. I would like To know why as a prime time initial candidate why I was not interviewed.

12. Why did Mr. Joe Fitzgerald tell the contractor on the job that I had one foot out the door as it is.

13. I would request that all my letters from the state and from Vollmer be reviewed as well as all other evidence in our possession.

Your time is very much appreciated.

Yours Sincerely,

Charles Gore



**State of New York**
**Department of Transportation**
**State Office Building**
**250 Veterans Memorial Highway**
**Hauppauge, N.Y. 11788-5518**

Joseph H. Boardman
Commissioner

Thomas F. Oelerich, P.E.
Acting Regional Director

April 5, 2002

Mr. Charles Gore
626 West 165th Street, Apt.46
New York, NY 10032

Case Number:4202-2D

Dear Mr. Gore:

We are in receipt of your written complaint dated April 5, 2002 alleging discrimination pursuant to Title VI of the Civil Rights Act of 1964.

Your complaint has been forwarded to the main office OEODC (Office of Equal Opportunity Development and Compliance) in Albany. Upon careful review of the allegations contained in your complaint, OEODC will make a determination as to how best to proceed with the investigation and resolution of your complaint.

In the interim, should you experience retaliation for filing a complaint you should notify this office and or OEODC immediately. Retaliation is described below.

*"No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by [Title VI], or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subpart." 28 C.F.R. §42.108(e)(Department of Justice Regulation).*

If you have any questions or concerns, please contact me at 631-952-6106 or Willie Ross, OEODC at 518-457-0948.

Respectfully yours,

Harold T. Rogers
Regional Compliance Specialist II

CC:  Garland Sweeney, Director OEODC
     Willie Ross, Title VI Coordinator OEODC
     George Knips, RCE, Region 10
     Harold Rogers, RCS II, Region 10
     File

# NEW YORK STATE DEPARTMENT OF TRANSPORTATION
## CONSTRUCTION - REGION 10

Consultant Salary Initiation/ Increase Worksheet For The CS/CI Agreement __D012657__
Consultant Name: __HAIDER ENGINEERING, P.C.__ Employee's Name __CHARLES GORE__
                                    Proposed Title: __SR. INSPECTOR__

**EDUCATION**
MS_____        BS_____        ASSOC __✓__        H.S._____

          ASCE                    NICET
ASCE/NICET LEVEL:   V  IV  III  II  I        IV (III) II  I

**PROFESSIONAL EXPERIENCE:**
INSPECTOR   SR.INSPECTOR   CH.INSP/ARE   RESIDENT ENGR.   OFFICE ENGR.
Yrs. _20_ Mths. _0_   Yrs._ Mths._   Yrs._ Mths._   Yrs._ Mths._   Yrs._ Mths._
Total Professional Experience: __20__
P.E License_____ Year_____ State_____

**SALARY HISTORY**

|              | Title      | Company              | Salary      |
|--------------|------------|----------------------|-------------|
| 3 Years Ago  | Inspector  | DUNN Engineering     | $20.00      |
| 2 Years Ago  | Inspector  | RBA                  | $21.00      |
| 1 Years Ago  | Inspector  | RBA GROUP            | $21.00/hr.  |
| Present Salary | Inspector | Haider Engineering, P.C. | $22.50/hr. |

**QUALIFICATION REQUIRED PER AGREEMENT**
ASCE/NICET LEVEL: __NICET III__

|                              | 2001     | 2002     |
|------------------------------|----------|----------|
| Average Salary of this       | $26.00   | $26.78   |
| Title per Agreement          | $27.00   | $28.08   |
| Maximum Salary per Agreement | $25.00   |          |
| Salary Proposed by Consultant |         |          |
| Salary Approved By Region 10 |          |          |

COMMENTS & RECOMMENDATION:   Mr. Charles Gore has passed the NICET III
Certification and has served on several inspection projects for over 20 years. He is familiar
with the Department method and procedure. His rate is increased due to the change in the title.

APPROVED: _____



**VOLLMER ASSOCIATES** LLP
ENGINEERS-LANDSCAPE ARCHITECTS-PLANNERS-SURVEYORS
50 WEST 23rd STREET, NEW YORK, NY 10010-5103
TEL 212·366·5600 · FAX 212·366·5629

July 8, 2002

Mr. Charles Gore
626 West 165th Street
Apt. # 46
New York, NY 10032

Dear Mr. Gore:

Thank you for visiting our office on June 21st to interview for the Inspector position. As Steve White advised you, during the interview, all offers were conditional based on the project going forward and acceptance of your resume by the NYSDOT. Unfortunately the State has not accepted your application therefore we will not be making a formal offer.

Thank you again for your interest in Vollmer Associates LLP. We wish you success in your job search.

Regards,

*Colleen F. Veltri*

Colleen F. Veltri
Director of Recruitment and Employee Development

 ENGINEERS • ARCHITECTS • PLANNERS

April 17, 2002

Charles Gore
626 W. 165 Street
Apt. 46
New York, New York, 10032-7929

Dear Charles,

As you know an investigation was held by Mr.Tony Mavis, the Director of the New York Office, and me regarding a complaint we received from the State of New York, Department of Transportation. Thank you for being a part of that investigation.

As a result, we have concluded that Mr. Giarraputo did indeed make inappropriate comments regarding race.

We have reviewed with Mr. Giarraputo the company's strong position against this unacceptable behavior, and RBA'S policy regarding the provision of a free from harassment work environment for all employee's. Also, the policy that all hiring, promotions, compensation, benefits, recruitment, firing, and all other personnel activities, as well as the selection of subcontractors, will be carried out without discrimination regarding race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or preference.

He has acknowledged his poor behavior regarding these comments, and promised that it will not continue, with the understanding that if there were to be additional infractions of this type he would immediately be fired.

We will continue to monitor Mr. Giarraputo's behavior and I strongly urge you to keep us apprised if there are any further infractions.

If you have any present concerns or questions please contact me at (973-898-0300).

Very Truly,

Lori Cole
Human Resource Director

One Evergreen Place, P.O. Box 1927, Morristown, NJ 07962-1927    (973) 898-0300 • FAX (973) 984-5421

New Jersey    •    New York    •    Pennsylvania    •    Maryland    •    Georgia    •    Taiwan    •    Philippines

*MASTER*

**THE RBA GROUP**
**FIELD OFFICES**
**NOVEMBER 11, 2002**

**TRUMP NEW WORLD**

**RIVERSIDE DR BRIDGE (Y3075.00)**
**WEST 66TH STREET BRIDGE (Y1075.01)**
Trump/New World Project Mgmt. L.P.
160 Riverside Blvd.-Ground Fl.
New York, NY 10069
(212) 721-3268/3419
(212) 721-9300/FAX

~~Kathlee Howard~~
Carl Villa
Bill Jarrett
John Simon
Keith Simon
Nestor Tan

**NYCDOT**

**8 BRIDGE REHAB/BROOKLYN(Y2852.00)**
The RBA Group/NYCDOT Field Office
6007 Fort Hamilton Parkway,2nd Fl
Brooklyn, NY 11219
(718) 686-8120
(718) 686-8659/FAX

~~Michael Paul~~

**NYC 3 TUNNEL REHAB. (Y2381.02)**
The RBA Group/NYCDOT Field Office
32 Broadway - 18th Floor Penthouse
New York, NY 10004-1609
(212) 742-1530 - (212) 742-1535/FAX

James Leo
Ted Blume
Paul Mortenson
Evan Spencer

**NYSDOT**

**LIE/RT. 231 (Y3061.00)**
NYSDOT/RBA Field Office
557D Deer Park Avenue
Dix Hills, NY 11746
(631) 243-2146        (516) 523-3293
(631) 243-2157/FAX         (Nextel)

Jack Giarraputo
George Aluskewicz
Julio Amaya
Elio Zerbini

*As you can see my name is not mentioned as staff)*

**SPARKILL VIADUCT (Y2617.00)**
The RBA Group/NYSDOT Field Office
Prell Plaza - Suite 8
Orangeburg, NY 10962
(845) 398-3870/3872
(845) 398-3874/Fax

Dragos Tundrea
Howard Dillard

**ROUTE 25 RESURFACING (Y3320.00)**
NYSDOT/RBA Field Office
6080 Jericho Turnpike
Commack, NY 11725
(631) 462-4280/5738
(631) 462-5817/FAX

Jack Giarraputo
~~Toya..........~~
James Elder
~~..........~~
Al Rivera

| JANUARY 1, 2003 | | SUFFOLK WEST | C | G. CURRAN, SUPERVISOR (952-6053) | |
|---|---|---|---|---|---|
| EIC | F.O. TEL. | CONTRACT | | CONTRACTOR | CONSULTANT |
| ALUSKEWICZ, J. (631)399-6075  Fax: (631) 399-7624 | | D258502, 0806.74.301 Sign Replacement Route 135 & Northern State Pkwy. | N S | CHESTERFIELD (631) 288-8100 | |
| | | D258438, 0806.42.301 Sign Install & Repair Various Routes | N | UNITED FENCE (631)467-6677 | |
| BAYER, T. (516)357-9738  FAX: (516)357-9761 | | D258404, 0805.20.301 Bridge Parapets Various Parkways | N | BI-COUNTY PAVING (631) 737-4600 | |
| ESPOSITO, R. (631)580-7685  Fax: (631) 580-7426 | | D255312, 0806.89.321 Resurfacing Various Locations Route 27, 24, 25A & Wantagh Pkwy. | N S | J. D. POSILLICO, INC. (631) 249-1872 | |
| FITZGERALD, J. (516) 221-1403  Fax: (516) 221-0176 | | D256799, 0804.48.301 Drainage Improv. Rte. 25, Rte. 25A, I-495 Service Roads | N S | FRANCIS BROS. SEWER & DRAINAGE (631) 345-3537 | |
| (516) 221-1403  Fax: (516) 221-0176 | | D258684, 0058.87.321 Safety Improv. Route 27 Town of Hempstead | N | A.L. ALLEN INDUSTRIES, INC. (631) 789-3333 | |
| (631) 243-2146  Fax: (631) 243-2157 | | D258658, 0228.94.321 Safety Improv. Route 231 & LIE Service Rds. Intersection | S | BI-COUNTY CONSTR. (631) 732-0800 | RBA GROUP (212)741-8090 Giarraputo, J. |
| FULICE, J. (631) 475-4873.  Fax: (631) 475-4665 | | D258716, 0059.02.321 Route 27 Joint Sealing & Pavement Repair | N | GGC CONSTRUCTION (516) 938-1492 | |
| | | D257899, 0806.52.301 Micro-Resurf. Various Routes | N S | NEWBORN CONSTR. (631) 878-6466 | |
| | | D257464, 0804.49.321 Drainage Preventative Maint. Various Locations | S | SEASONS CONTRACT. CORP. (201) 939-4000 | |
| | | D258638, 0806.77.321 Park & Ride, Bikeway Maint., Graffiti Removal | N S | TRIAD & OLYMPIC QUALITY PAINT. (516) 609-0715 | |
| ROBER, L. (516) 933-8152  Fax: (516) 933-8157 | | D258501, 0806.72.321 Rehab., Cleaning, Replacement Drainage in Various Locations | N S | GUY PRATT, INC. (631) 289-6100 | |
| (516) 942-7846 (516) 942-7862  Fax: (516) 942-7492 | | D259677, 0806.92.321 Drainage Repairs Various Locations Rte. 27, 25A, 102, SSP | N S | GREYSTONE BLDG. & MAINT. CORP. (516) 334-0030 | |
| TSERVENGOS, S. (631) 462-4280.  Fax: (631) 462-5817 | | D259005, 0042.25.321 Asphalt Concrete Resurfacing Route 25 Towns of Huntington & Smithtown | S | GUY PRATT, INC. 289-6100 | RBA GROUP (212) 741-8090 |
| WEIXLER, R. (516) 742-6946  FAX: (516) 742-8435 | | D258717, 0757.59.301 Replace Mineola Blvd. Bridge over LIRR in Village of Mineola | N | DeFOE CORP. (914) 699-7440 | BERGER LEHMAN (914) 967-5800 |
| (516) 644-2370  FAX: (516) 644-2392 | | D258387, 0553.19.321 Reconstr. Rte. 24 (Wantaghs Hicksvillr Roadd) | N | J. D. POSILLICO (631) 249-1872 | |
| WHITE, K. (516) 625-5206  FAX: (516) 625-5205 | | LIRR FORCE ACCOUNTS | N S | | |
| WILLIAMS, T. (516) 747-5369  FAX: (516) 747-6203 | | D258703, 0804.33.321 Reconstr. Rte. 25B, Town of No. Hempstead, | N | INTERCOUNTY PAVING (800) 852-5868 | GIBBONS, ESPOSITO BOYCE (516-222-4522) Foster, R. |

## JANUARY 1, 2003    SUPERVISOR: GARY BARNABLE

| EIC | F.O. TEL# | D#/PIN/DESCRIPTION | QTY | CONTRACTOR/TEL# | CONSULTANT |
|---|---|---|---|---|---|
| CONA, PAUL | (516) 333-1522 Fax: (516) 333-1477 | D258955, 0229.18.301 LIE LANDSCAPE MAINTENANCE EXITS 32-40 - NASSAU COUNTY | N | HECKSCHER NURSERIES, INC. (631) 580-3235 | AMMANN & WHITNEY Phil Abramson, O.E. (212) 627-7029 |
| LAURICE, ROBERT (Temporary Nos.) | (631) 649-8745 Fax: (631) 649-8766 | D258973, 0229.00.301, .302, .303 LIE (RTE. I-495) CAPACITY IMPROVEMENT PROJECT EXITS 37-40 - NASSAU COUNTY | N | MODERN CONTINENTAL (646) 733-2350 (516) 365-1674 (F.O.) | LKB - (516) 938-0600 W. Nowak, R.E. |
| McNAMARA, BRIAN | (516) 625-0297 Fax: (516) 625-0683 | D258176, 0229.16.301 REPLACE NEW HYDE PARK RD. BRIDGE OVER LIE - NASSAU COUNTY | N | POSILLICO/SCALAMANDRE (631) 249-1872 | F. R. HARRIS - (212) 973-2900 STV (212) 777-4400 E. Grimberg, R.E. |
| | | D258969, 0229.96.301, .302 LIE (RTE. I-495) HOV CONSTRUCTION - (EXITS 32-37) QUEENS & NASSAU COUNTIES | Q, N | MODERN CONTINENTAL (646) 733-2350 (516) 365-1674 (F.O.) | VOLLMER/LKB (212) 366-5600 (516) 938-0600 R.E. Jerry Hacker |
| SCHMIDT, CHRIS T. | (516) 625-0297 Fax: (516) 625-0683 | D258001, 0229.02.301 REPLACE TWO BRIDGES ON SHELTER ROCK RD. OVER LIE & NORTHERN STATE PKWY NASSAU COUNTY | N | POSILLICO/SCALAMANDRE (631) 249-1872 | F. R. HARRIS - (212) 973-2900 STV (212) 777-4400 |
| SCRUGGS, James | (516) 681-8322 Fax: (516) 681-8326 | D258067, 0516.51.321 6.5 KILOMETERS OF ASPHALT RESURFACING ON NSP IN THE TOWNS OF OYSTER BAY & N. HEMPSTEAD, NASSAU CTY. | N | BI-COUNTY PAVING (631) 737-4600 | URBITRAN (212) 763-4561 Joseph Jao, R.E. |

**LIE HOV**    (Contracts D258001, D258176, D258873, D258969)

INFORMATION LINE: 1-877-4 LIEHOV
       (1-877-454-3468)

OUTREACH OFFICE - (516) 625-5377 (Winny Melin)
       FAX: (516) 625-5306

*Charles E. Gore*

*February 20, 2004*

During the month of December 2003 while continuing to work for the RBA Group under the NYC Contract # HWP2002Q I was verbally informed by my immediate supervisor Mr. Moshen Ghajari (RBA Group) ( Resident Engineer ) that my job duties would change at years end and that I would start working under another NYC Contract # SEQB0A and that my start date would be the first week in January 2004. Mr. Eric Ken , Engineer In Charge of NYC Contract # HWP2002Q and NYC Contract # SEQB0A assigned myself to the new job duties and visited our field office to inform me personally of my new position due to the fact that I did such a good job for him on NYC Contract # HWP2002Q. One week before Christmas Mr. Moshen Ghajari informed me that I would not be starting my new position and that my last day of employment would be 12-31-03. I asked him why not and he replied that his superiors at the RBA Group informed him of such and he did not give me a reason why. I (Charles E. Gore) was laid off from my employment with the RBA January 2-2004 without a two week official written notice even after the fact that I was told that I have a home with the RBA Group in the City of New York. This was told to me by Mr. Tony Vero (RBA Group) the same individual whom initially assigned me to work in Long Island on NYS/DOT Contract # D258658 . I immediately contacted Mr. Eric Ken and I asked him what happened to my position and he informed me that they (NYC/DDC) still wanted my services but my employer (RBA Group) and my boss Mr. Tom Fassert with the RBA Group informed the NYC/DDC that they did not want me on the job. Mr. Tom Fassert (the same individual that informed my new superiors of my claim with the EEOC) went over Mr. Ken's head and contacted Mr. Ken's boss the Deputy Commissioner and did away with my position offered to me by Mr. Ken,. I contacted Mr. Fassert and I told him that Mr. Ghajari told me that Dec.31 would be my last day of employment with RBA and is this info correct. Mr. Fassert told me that it is true and that I need to dust off my resume and get it out there because future jobs with RBA did not look promising for me. I then informed him that by 12-31-03 the work on Contract # HWP2002Q would not be completed and he said to me that 12-31-04 was just an approximate or round about date . I then asked Mr. Fassert if he was aware that I was assigned a new position by Mr. Moshen Ghajari & Mr. Eric Ken and that my services were requested for specifically by NYC/DDC and he replied by putting it off on the City. Once I let him know that I knew better he changed his story by saying that he wanted to put a man on that job that has 5 years of service with the company and he didn't want to lay off anyone with more service time than me in which totally contradicts the RBA Group policies because Mr. Fassert relieved me of my duties from Contract # D258658 before I completed my assignment and I was told that there is no more work for me but they continued to employ the (3) three new inspectors that thy hired on this job well after they hired myself in which would give these three gentlemen a lot less time served than myself because they never worked for RBA until Contract # D258658 was well under way.

*Charles E. Gore*

*2-20-04*

CASREF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:03-cv-09442-RJS-JCF

Gore v. The RBA Group                           Date Filed: 11/25/2003
Assigned to: Judge Richard J. Sullivan          Jury Demand: Plaintiff
Referred to: Magistrate Judge James C. Francis  Nature of Suit: 442 Civil Rights: Jobs
Cause: 42:2000e Job Discrimination (Employment) Jurisdiction: Federal Question

**Plaintiff**

**Charles E. Gore**          represented by  **Christopher Peter Edelson**
                                             Chao & Edelson, LLC
                                             230 Park Avenue, Suite 2600
                                             New York, NY 10169
                                             (212) 867-4754
                                             Fax: (212) 867-4755
                                             Email: chedelson@chaoedelson.com
                                             *TERMINATED: 07/26/2005*
                                             *LEAD ATTORNEY*

                                             **David Michael Fish**
                                             David M. Fish, Counselor and Attorney
                                             at Law
                                             500 Fifth Avenue, Suite 5100
                                             New York, NY 10110
                                             (212)869-1040
                                             Fax: (212)869-4648
                                             Email: fish@davidmfish.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The RBA Group**           represented by  **David M. Walsh**
                                             Simmons Jannace & Stagg
                                             90 Merrick Ave.
                                             102
                                             E. Meadow, NY 11554
                                             (516)357-8100
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **John M. Nolan, II**

Jackson Lewis LLP(NJ)
220 Headquarters Plaza, East Tower,
7th Floor
Morristown, NJ 07960
(973)-583-6890
Fax: (973)-539-7626
Email: nolanj@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph B. Florenzo**
Sokol, Behot & Fiorenzo
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300
*LEAD ATTORNEY*

**David Matthew Walsh**
Jackson Lewis LLP(NJ)
220 Headquarters Plaza, East Tower,
7th Floor
Morristown, NJ 07960
973-538-6890
Fax: 973-539-7626
Email: walshd@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Haider Engineering**                    represented by **Lalit Kumar Loomba**
                                           Wilson, Elser, Moskowitz, Edelman &
                                           Dicker, (WPls)
                                           3 Gannett Drive
                                           White Plains, NY 10604
                                           914-323-7000
                                           Fax: 914-323-7001
                                           Email: loombal@wemed.com
                                           *ATTORNEY TO BE NOTICED*

**Cross Claimant**
**The RBA Group**                         represented by **Joseph B. Florenzo**
                                           (See above for address)
                                           *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**
**Haider Engineering**                    represented by **Lalit Kumar Loomba**
                                           (See above for address)
                                           *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Haider Engineering**                    represented by **Lalit Kumar Loomba**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

**The RBA Group**                         represented by **David M. Walsh**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **John M. Nolan, II**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Joseph B. Florenzo**
                                          (See above for address)
                                          *LEAD ATTORNEY*

                                          **David Matthew Walsh**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/25/2003 | 1 | COMPLAINT against The RBA Group. (Filing Fee $ 150.00, Receipt Number 492296)Document filed by Charles E. Gore.(jjm, ) (Entered: 12/02/2003) |
| 11/25/2003 | | Magistrate Judge James C. Francis is so designated. (jjm, ) (Entered: 12/02/2003) |
| 01/22/2004 | 2 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for general pretrial and dispositive motion. Referred to Magistrate Judge James C. Francis. (Signed by Judge Richard C. Casey on 1/20/04) (dg, ) (Entered: 01/27/2004) |
| 02/20/2004 | 3 | AMENDED COMPLAINT amending 1 Complaint against The RBA Group.Document filed by Charles E. Gore. Related document: 1 Complaint filed by Charles E. Gore.(sac, ) (Entered: 02/24/2004) |
| 04/08/2004 | 4 | RULE 7.1 DISCLOSURE STATEMENT. Document filed by The RBA Group.(yv, ) (Entered: 04/13/2004) |
| 04/08/2004 | 5 | ANSWER to Amended Complaint. Document filed by The RBA Group. Related document: 3 Amended Complaint filed by Charles E. Gore.(yv, ) |

| | | (Entered: 04/13/2004) |
|---|---|---|
| 04/23/2004 | 6 | NOTICE of Appearance by Christopher P. Edelson on behalf of Charles E. Gore. (kw, ) (Entered: 04/27/2004) |
| 06/24/2004 | | Minute Entry for proceedings held before Judge James C. Francis : Interim Pretrial Conference held on 6/24/2004. (kw, ) (Entered: 06/28/2004) |
| 06/24/2004 | | MEMORANDUM TO THE DOCKET CLERK: for proceedings held before Judge James C. Francis : Interim Pretrial Conference held on 6/24/2004. (kw, ) (Entered: 06/28/2004) |
| 07/06/2004 | 7 | MOTION (FILED ON SERVICE DATE) to Amend Complsint. Document filed by Charles E. Gore. (jmi, ) (Entered: 07/08/2004) |
| 07/06/2004 | 8 | AMENDED COMPLAINT amending 3 Amended Complaint against Haider Engineering, The RBA Group.Document filed by Charles E. Gore. Related document: 3 Amended Complaint filed by Charles E. Gore.(rag, ) (Entered: 07/08/2004) |
| 07/20/2004 | 9 | SCHEDULING ORDER: Amended Pleadings due by 7/15/2004. Joinder of Parties due by 8/24/2004. Deposition due by 12/24/2004. Discovery due by 12/24/2004. Pretrial Order due by 1/31/2005. Rule 33.3 Interrogatories due 7/24/04. All other schedules are as further set forth in said Order. (Signed by Judge James C. Francis on 6/24/04) (db, ) (Entered: 07/21/2004) |
| 07/20/2004 | | Set/Reset Deadlines: Request for Production of Documents due by 7/24/2004. (db, ) (Entered: 07/21/2004) |
| 10/05/2004 | 12 | NOTICE OF CASE REASSIGNMENT to Judge Kenneth M. Karas. Judge Richard C. Casey no longer assigned to the case. (laq, ) (Entered: 10/15/2004) |
| 10/12/2004 | 10 | ANSWER to Amended Complaint. Document filed by The RBA Group. Related document: 8 Amended Complaint filed by Charles E. Gore. (Walsh, David) (Entered: 10/12/2004) |
| 10/14/2004 | 11 | ANSWER to Complaint. Document filed by The RBA Group. (Attachments: # 1 Certificate of Service)(Walsh, David) (Entered: 10/14/2004) |
| 10/15/2004 | | Mailed notice to the attorney(s) of record. (laq, ) (Entered: 10/15/2004) |
| 11/03/2004 | 13 | ANSWER to Complaint., CROSSCLAIM against Haider Engineering. Document filed by The RBA Group. (Attachments: # 1)(Walsh, David) (Entered: 11/03/2004) |
| 12/15/2004 | 14 | ENDORSED LETTER addressed to Magistrate Judge Francis from Christopher P. Edelson dated 12/13/2004 re: application granted. Theh deadline for all discovery is extended to 2/15/2005, and the deadline for submitting the pretrial order or any dispositive motion is extended to 3/15/2005. (Signed by Judge James C. Francis on 12/13/2004) (jsa, ) |

| | | |
|---|---|---|
| | | (Entered: 12/17/2004) |
| 12/15/2004 | | Set Deadlines/Hearings: Discovery due by 2/15/2005. Pretrial Order due by 3/15/2005. (jsa, ) (Entered: 12/17/2004) |
| 02/14/2005 | 15 | ENDORSED LETTER addressed to Judge Francis from Christopher Edelson dated 2/11/05: granting request that the parties hold depositions for two witnesses on 2/16 and 3/1/05. (Signed by Judge James C. Francis on 2/14/05) (cd, ) (Entered: 02/16/2005) |
| 03/15/2005 | 16 | ENDORSED LETTER addressed to Mag. Judge Francis from Jopseph B. Fiorenzo dated 3/14/05 re:..RBA requests a three week extension of time to submit the pre-trial order to April 5, 2005. Additionally, RBA requests a ten-day extension to inform the Court as to whether the parties shall file any dispositive motions. Application granted. (Signed by Judge James C. Francis on 3/15/05) (djc, ) (Entered: 03/16/2005) |
| 03/15/2005 | | Set Deadlines/Hearings: Pretrial Order due by 4/5/2005. (djc, ) (Entered: 03/16/2005) |
| 03/30/2005 | 17 | ENDORSED LETTER addressed to Magistrate Judge Francis iV from Joseph V. Fiorenzo dated 3/29/2005 re: On 4/20/2005 RBA shall file its motion for summary judgment; plaintiff's opposition papers to be filed on 5/16/2005 and reply papers to be filed on 5/31/2005. Application granted. (Signed by Judge James C. Francis on 3/30/2005) (jsa, ) (Entered: 04/01/2005) |
| 03/30/2005 | | Set/Reset Deadlines: Motions due by 4/20/2005. Replies due by 5/31/2005. Responses due by 5/16/2005. (jsa, ) (Entered: 04/01/2005) |
| 04/25/2005 | 18 | ENDORSED LETTER addressed to Magistrate Judge James C. Francis, IV from Joseph B. Fiorenzo dated 4/15/05 re: requesting a week extension of the briefing schedule. Application granted. RBA's motion for summary judgment due by 4/27/2005. Response due by 5/23/2005. Reply due by 6/7/2005. (Signed by Judge James C. Francis on 4/25/05) (kw, ) (Entered: 04/28/2005) |
| 04/27/2005 | 19 | MOTION for Summary Judgment. Document filed by The RBA Group. (db, ) (Entered: 05/02/2005) |
| 04/27/2005 | 20 | RULE 56.1 STATEMENT. Document filed by The RBA Group. (db, ) (Entered: 05/02/2005) |
| 04/27/2005 | 21 | BRIEF in Support re: 19 MOTION for Summary Judgment. Document filed by The RBA Group. (db, ) (Entered: 05/02/2005) |
| 04/27/2005 | 22 | CERTIFICATION of Thomas Fastert in Support of 19 MOTION for Summary Judgment. Document filed by The RBA Group. (db, ) (Entered: 05/02/2005) |
| 04/27/2005 | 23 | CERTIFICATION of Joseph B. Fiorenzo in Support of 19 MOTION for Summary Judgment. Document filed by The RBA Group. (db, ) (Entered: 05/02/2005) |
| | | |

| 05/23/2005 | 24 | ENDORSED LETTER addressed to Mag. Judge James C. Francis, IV from Christopher P. Edelson dated 5/19/05 re: plaintiff to serve and file opposition to RBA's motion for Summary Judgment thru 6/2/05. RBA's reply papers would be due 6/17/05. (Signed by Judge James C. Francis on 5/19/05) (pl, ) (Entered: 05/24/2005) |
|---|---|---|
| 06/02/2005 | 25 | BRIEF In Opposition re: 19 MOTION for Summary Judgment.. Document filed by Charles E. Gore.(mde, ) (Entered: 06/07/2005) |
| 06/02/2005 | 26 | RULE 56.1 STATEMENT. Document filed by Charles E. Gore. (mde, ) (Entered: 06/07/2005) |
| 06/02/2005 | 27 | AFFIRMATION of Christopher P. Edelson in Opposition re: 19 MOTION for Summary Judgment.. Document filed by Charles E. Gore. (mde, ) (Entered: 06/07/2005) |
| 06/21/2005 | 28 | REPLY BRIEF in Further Support of its Motion for Summary Judgment. Document filed by The RBA Group. (djc, ) (Entered: 06/23/2005) |
| 06/21/2005 | 29 | Reply BRIEF of Defendant RBA Group in Further Support of its Motion for Summary Judgment. Document filed by The RBA Group.(djc, ) (Entered: 06/23/2005) |
| 06/29/2005 | 30 | ENDORSED LETTER addressed to Mag. Judge Francis from Christopher P. Edelson dated 6/27/05 re: Plaintiff requests leave to file a three-page sur-reply...; Plaintiff may subit a 3-page sur reply provided this is done promptly.. (Signed by Judge James C. Francis on 6/28/05) (djc, ) (Entered: 06/30/2005) |
| 07/01/2005 | 31 | SUR-REPLY MEMORANDUM OF LAW in Opposition re: 19 MOTION for Summary Judgment. Document filed by Charles E. Gore. (sac, ) (Entered: 07/07/2005) |
| 07/01/2005 | 32 | AFFIRMATION of Christopher P. Edelson in Opposition re: 19 MOTION for Summary Judgment. Document filed by Charles E. Gore. (sac, ) (Entered: 07/07/2005) |
| 07/26/2005 | 33 | NOTICE of Substitution of Attorney. Document filed by Charles E. Gore. Added attorney Christopher Peter Edelson for. Attorney Christopher Peter Edelson terminated. (jmi, ) (Entered: 07/28/2005) |
| 08/29/2005 | 34 | REPORT AND RECOMMENDATIONS, I recommend that RBA's motion re: 19 MOTION for Summary Judgment. filed by The RBA Group, Objections to R&R due by 9/13/2005 (Signed by Judge James C. Francis on 8/29/05) copies sent by chambers.(cd, ) (Entered: 08/30/2005) |
| 09/22/2005 | 35 | ENDORSED LETTER addressed to Judge Kenneth M. Karas from Joseph B. Fiorenzo dated 9/19/05 re: Counsel for defendant RBA Group writes to confirm that our written objections are due as of 9/23/05. The calculation by counsel for defendant RBA Group in which to object to Magistrate Judge Francis's Report & Recommendation appears inaccurate. The R&R was mailed on 8/29/05, thus giving defendant (including weekends & holidays and 3 days for mail service) until September 16 in which to file objections. Therefore, defendant may file |

| | | any objections by 9/23/05 and on accompanying motion under Rule 6(b) to file the objections out of time. So Ordered. (Signed by Judge Kenneth M. Karas on 9/22/05) (jco, ) (Entered: 09/23/2005) |
|---|---|---|
| 09/22/2005 | 36 | NOTICE of Appearance by David Michael Fish on behalf of Charles E. Gore. (djc, ) (Entered: 09/26/2005) |
| 09/23/2005 | 37 | OBJECTION to 34 Report and Recommendations Document filed by The RBA Group, The RBA Group. (dle, ) (Entered: 09/26/2005) |
| 09/23/2005 | 38 | Certification of Joseph B. Fiorenzo, Esq. in support of dft's rule 6(b) motion to file written objections out of time. Document filed by The RBA Group, The RBA Group. (dle, ) (Entered: 09/26/2005) |
| 09/30/2005 | 39 | ORDER; pltf's request for ten additional days to file a response is GRANTED. Pltf shall file his response to deft's motion on or before 10/3/05. In the event that deft's motion is granted, pltf will file his response 10 days after the granting if the motion. (Signed by Judge Kenneth M. Karas on 9/27/05) (kco, ) (Entered: 10/03/2005) |
| 10/03/2005 | 40 | Plaintiffs Opposition to defendant The RBA Group, Inc.'s motion pursuant to FRCP 6(B) for leave to file, out of time, an objection to the Report and Recommendation set forth by magistrate Judge James C. Francis, IV on 8/29/05. Document filed by Charles E. Gore. (db, ) (Entered: 10/04/2005) |
| 02/14/2006 | 41 | ORDER: Plaintiff is ordered to file his response to defendant's objections to Magistrate Judge Francis's report and recommendation denying summary judgment by or before 2/14/2006. (Signed by Judge Kenneth M. Karas on 1/31/2006) (lb, ) (Entered: 02/14/2006) |
| 02/17/2006 | 42 | ENDORSED LETTER addressed to Judge Kenneth M. Karas from David M. Fish dated 2/10/06 re: plaintiff is given until 2/22/06 to file his response to defendant's objections to the Report and Recommendation. (Signed by Judge Kenneth M. Karas on 2/14/06) (db, ) (Entered: 02/17/2006) |
| 02/17/2006 | | Set/Reset Deadlines as to Objections to R&R due by 2/22/2006 (db, ) (Entered: 02/17/2006) |
| 02/21/2006 | 43 | REPLY re: 37 Objection to Report and Recommendations. Document filed by Charles E. Gore. (db, ) (Entered: 02/22/2006) |
| 09/04/2007 | 44 | NOTICE OF CASE REASSIGNMENT to Judge Kenneth M. Karas' White Plains Docket. (fk) (Entered: 09/11/2007) |
| 09/11/2007 | | Mailed notice of reassignment to the attorney(s) of record. (fk) (Entered: 09/11/2007) |
| 09/28/2007 | | Received returned mail re: 44 Notice of Case Assignment/Reassignment. Mail was addressed to David M. Walsh Simmons Jannace & Stagg at 90 Merrick Avenue 102 E. Meadow, NY 11554 and was returned for the following reason(s): Return To Sender Not Deliverable as Addressed Unable to Forward. (br) (Entered: 09/28/2007) |

| 03/31/2008 | 45 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 19 Motion for Summary Judgment filed by The RBA Group, 34 Report and Recommendations...For the reasons stated above, Defendant's Motion to File Out-of-Time Written Objections is GRANTED. Defendant's Motion for Summary Judgment is DENIED in its entirety. Plaintiff's cross-claim for costs and attorney's fees pursuant to 28 U.S.C § 1927 is DENIED without prejudice. The Clerk of the Court is respectfully directed to terminate the pending motions (Dkt Nos. 19, 37). So Ordered. (Signed by Judge Kenneth M. Karas on 3/31/08) (fk) (The Clerk's Office Has Mailed Copies) (Entered: 03/31/2008) |
| --- | --- | --- |
| 04/02/2008 | 46 | ORDER: By April 30, 2008 the parties shall submit a joint pretrial order in the form required by the Honorable Kenneth M. Karas, U.S.D.J. ( Joint Pretrial Order due by 4/30/2008.) (Signed by Magistrate Judge James C. Francis on 4/2/08) Copies Mailed By Chambers.(tro) (Entered: 04/02/2008) |
| 04/09/2008 | | Received returned mail re: 45 Order Adopting Report and Recommendations,,. Mail was addressed to lDavid M. Walsh at 90 Merrick Avenue E. Meadow, NY 113554 and was returned for the following reason(s): Return to Sender Not Deliverable as Addressed Unable to Forward. (br) (Entered: 04/09/2008) |
| 04/09/2008 | 47 | NOTICE OF CASE REASSIGNMENT to Judge Richard J. Sullivan. Judge Kenneth M. Karas is no longer assigned to the case. (fk) (Entered: 04/09/2008) |
| 04/09/2008 | | Mailed notice to the attorney(s) of record. (fk) (Entered: 04/09/2008) |
| 04/10/2008 | | Received returned mail. Mail was addressed to David M. Walsh of Simmons Jannace & Stagg at 90 Merrick Ave., #102, E. Meadows, NY 11554 and was returned for the following reason(s): Not Deliverable as Addressed. (ama) (Entered: 04/10/2008) |
| 04/15/2008 | 48 | ORDER, a status conference is set for 5/14/08 at 2:30 pm. ( Status Conference set for 5/14/2008 at 02:30 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Richard J. Sullivan.) (Signed by Judge Richard J. Sullivan on 4/15/08) (cd) (Entered: 04/15/2008) |
| 04/24/2008 | 49 | ANSWER to Amended Complaint., CROSSCLAIM against The RBA Group. Document filed by Haider Engineering. Related document: 8 Amended Complaint filed by Charles E. Gore.(Loomba, Lalit) (Entered: 04/24/2008) |
| 04/28/2008 | 50 | ORDER: that the time for submission of a joint pre-trial order is STAYED pending the parties' appearance at a status conference before the Court on May 14, 2008. At that conference, the Court shall hear the parties' respective positions regarding the need for an extension of time to conduct additional discovery. (Signed by Judge Richard J. Sullivan on 4/28/08) (tro) (Entered: 04/29/2008) |
| 05/13/2008 | 51 | ORDER: the conference previously scheduled for 5/14/08 is ADJOURNED to 5/22/2008 at 03:30 PM before Judge Richard J. |

| | | | |
|---|---|---|---|
| | | | Sullivan. At that time, the Court shall address defendant Haider's anticipated motion. Within four business days of the date of this Order, plaintiff shall submit a letter, not to exceed three (3) pages, responding to defendant Haider's May 9, 2008 letter and explaining why he anticipates defendant's motion is likely to fail. (Signed by Judge Richard J. Sullivan on 5/12/08) (tro) (Entered: 05/13/2008) |
| 05/15/2008 | | 52 | PRE-CONFERENCE STATEMENT *in response to May 12, 2008 Order*. Document filed by Charles E. Gore.(Fish, David) (Entered: 05/15/2008) |
| 05/20/2008 | | 53 | NOTICE OF APPEARANCE by Joseph B. Florenzo on behalf of The RBA Group (djc) (Entered: 05/21/2008) |
| 05/29/2008 | | 54 | ORDER: At the conference held on May 22, 2008, the Court adopted the following directives regarding defendant Haider Engineering's proposed motion to dismiss; Defendant Haider shall submit its motion by June 12, 2008. Plaintiff shall submit his opposition by June 19, 2008. Defendant Haider shall submit its reply, if any, by June 25, 2008. Thereafter, the Court will schedule oral argument regarding defendant Haider's proposed motion, if necessary. (Signed by Judge Richard J. Sullivan on 5/29/2008) (jfe) (Entered: 05/29/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/04/2008 12:44:22 | | | |
| **PACER Login:** | we0025 | **Client Code:** | Optional for PACER use only |
| **Description:** | Docket Report | **Search Criteria:** | 1:03-cv-09442-RJS-JCF |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

# CHAO & EDELSON, L.L.C.
### ATTORNEYS AT LAW
### 230 PARK AVENUE
### NEW YORK, N.Y. 10169
TELEPHONE: (212) 867-4751
FACSIMILE: (212) 867-4755

Christopher P. Edelson
DIRECT DIAL: (212) 867-4754

E-Mail: chedelson@chaoedelson.com

November 11, 2004

Sayid Haider
Haider Engineering
755 Merrick Road
Baldwin, NY 11510

Re:    Gore v. The RBA Group and Haider Engineering; 03 CV 9442 (SDNY)

Dear Mr. Haider:

I have not received formal notice from the court, but my understanding is that the court has permitted plaintiff leave to amend and accepted his second amended complaint. Accordingly, as mentioned in prior correspondence, I am including the second amended complaint with summons. Please call me at (212) 867-4754 with any questions.

Sincerely yours,

Christopher P. Edelson

Enclosure



AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

Sou then **DISTRICT OF** New York

Charles Gore

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 03 CIV 9442 (RCC)

The RBA Group, Inc. and
Haider Engineering

TO: (Name and address of defendant)

Haider Engineering
2520 Flatbush Avenue          755 Merrick Road
Brooklyn, NY 11234            Baldwin, NY 11510

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher P. Edelson
Chao & Edelson LLC
230 Park Avenue, 26th Floor
New York, NY 10169

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON                           JUL 0 6 2004

_____            _____
CLERK                                        DATE

_Melanie L. Lopez_

_____
(BY) DEPUTY CLERK

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐ Returned unexecuted: _____
_____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                              Signature of Server

_____
Address of Server

J. MICHAEL McMAHON

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| CHARLES E. GORE, | : |
| Plaintiff | : |
| | : |
| | : |
| -against- | : |
| | : |
| | : |
| THE RBA GROUP, Inc., | : |
| and HAIDER ENGINEERING, | : |
| | : |
| Defendants. | : |

------------------------------------------------------x

03 Civ. 9442

**SECOND AMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

SEND TO CHAMBERS
FOR REVIEW

JUL 0 1 2004

U.S.D.C.S.D.N.Y.
CASHIERS

Plaintiff Charles E. Gore, by his attorneys Chao & Edelson, L.L.C., for his Second Amended Complaint against Defendants The RBA Group, Inc. and Haider Engineering, alleges as follows.

## THE PARTIES

1.    Plaintiff Charles E. Gore was employed by Defendant RBA Group, Inc. ("RBA") from November 1999 to January 2004.

2.    Mr. Gore is black.

3.    RBA is a contractor doing business for the State of New York on various construction projects in and around the New York metropolitan area

4.    Defendant Haider Engineering ("Haider") is a contractor doing business for the State of New York on various construction projects in and around the New York metropolitan area.

## VENUE AND JURSDICTION

9.     This Court has jurisdiction over this action under 28 U.S.C. § 1331.

10.    Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## NATURE OF THE ACTION

11.    This is a civil action for damages and other remedies brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), as well as 42 U.S.C. § 1981, the New York State Executive Law, as amended, § 290, et seq. ("New York State Human Rights Law"), and the Administrative Code of the City of New York, as amended, § 8-101 et seq. ("New York City Human Rights Law").  Specifically, Defendants discriminated against Mr. Gore on account of his race and color as described herein.  In addition, after Mr. Gore complained of this discrimination, Defendants retaliated against him, including by giving him unfair employment evaluations, relegating him to positions that paid less money than similarly situated individuals, denying customary pay raises, and ultimately by terminating his employment.

12.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission in or about May 2002 and received notice of right to sue on or about August 29, 2003 (copy attached as Exhibit 1).

13.    Plaintiff previously filed a Complaint on or about November 20, 2003 and an Amended Complaint on or about February 20, 2004 with this Court *pro se*.  Plaintiff has now obtained counsel and, with Defendant RBA's consent (Haider was not named as a defendant in the *pro se* complaints), now files this Second Amended Complaint.

2

## FACTS

14.     In or about November 1999, RBA hired Mr. Gore.

15.     Mr. Gore was promoted to Senior Inspector in July 2001.

16.     After Mr. Gore received increased pay from the State of New York associated with his Level III certification, Defendants reduced Mr. Gore's hourly rate of pay by $2.50.

17.     In or about March 2002, Plaintiff's supervisor Jack Giarraputo made racially disparaging remarks toward Mr. Gore, including but not limited to saying that Mr. Gore was "dumb", a "nigger", a "snake", a "monkey", among numerous other racially biased comments.

18.     Mr. Giarraputo has never denied making such remarks, and, in fact, RBA concluded, by letter dated April 17, 2002, that Mr. Giarraputo had indeed made such racially disparaging remarks.

19.     On April 5, 2002, Mr. Gore filed a complaint regarding this treatment with the New York State Department of Transportation Highway Construction Division, and the complaint was forwarded to the Office of Equal Opportunity Development and Compliance ("OEODC").

20.     Throughout the course of his employment with Defendants, Mr. Gore was qualified for his position and his job performance was at least satisfactory with no complaints about his performance before he complained about the racial discrimination.

21.     After Mr. Gore made his complaint to the State, Mr. Giarraputo told Mr. Gore that there was no work for him, although the project (a road project in Long Island) Mr. Gore had been working on was far from complete.

22.     When he worked on this project, Mr. Gore was employed by both RBA and Haider.

23.    By working on this project, Mr. Gore would have been able to advance to Inspector Level NICET IV, from his certification level of NICET Level III, and would have received an increase in pay.

24.    Because Mr. Giarraputo denied Mr. Gore the opportunity to do further work on the project after Mr. Gore filed his complaint of discrimination with the state, Mr. Gore was not able to advance to NICET Level IV.

25.    As mentioned, Mr. Gore was working on a road contract in Long Island at this time. Three individuals, Mr. George Alewskewicz, James Elder, and Mr. Elio Zerbini, all white Level III inspectors like Mr. Gore, were hired on this project after Mr. Gore and given higher pay and more responsibilities than Mr. Gore by Defendants.

26.    While working on the contract in Long Island, Mr. Gore was not given night hours, which would have resulted in more pay, although every other employee (none of them black) working on the project was assigned night hours, with resulting higher pay.

27.    Mr. Gore's supervisor, Defendant Giarraputo, stated that he had no use for Mr. Gore and that Mr. Gore had one foot out the door after complaining about Giarraputo's racially biased comments.

28.    Mr. Giarraputo pressured Mr. Gore to leave the project.

29.    Tony Mavis, head of RBA's New York's office told Mr. Gore that he was angry about Mr. Gore's discrimination complaint.

30.    Later in 2002, (after he had complained of discrimination) Mr. Gore was transferred to a contract in New York City, before the Long Island contract's completion.

31.    After being transferred to New York City, though he was a Level III Engineer, Mr. Gore was assigned Level I duties.

32.    In New York City, Mr. Gore was supervised by Moshen Ghajari, an RBA employee.

33.    Mr. Ghajari told Mr. Gore that people like Mr. Gore, who had filed complaints against RBA with the State, should not expect to stay with the company very long.

34.    Defendants terminated Mr. Gore's employment on or about January 5, 2004.

35.    Mr. Gore had received no pay raises since May 2002 though it was customary to receive 5% increases on the anniversary of a person's start date and when starting a new contract.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII)

36.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 as if separately set forth herein.

37.    Plaintiff was, at all relevant times, an employee of Defendant RBA within the meaning of Title VII.

38.    While he worked on the Long Island road project referred to herein, Plaintiff was also an employee of Defendant Haider.

39.    Defendants violated Title VII by discriminating against Plaintiff because of his race.

40.    Defendants' unlawful discrimination against Plaintiff includes, but is not limited to, harassing Plaintiff and discharging Plaintiff because of his race.

41.    Mr. Gore endured harassment from his supervisor Mr. Giarraputo, that was unwelcome, severe, and pervasive.

42.    Mr. Giarraputo's racial comments permeated Mr. Gore's work environment with discriminatory racial harassment and insult.

43.    This harassment detrimentally affected Plaintiff, and was sufficiently severe or pervasive as to alter the terms and conditions of his employment and create a hostile, abusive working environment.

44.    A reasonable person would have found the harassment and discrimination Plaintiff experienced to be severe, pervasive, hostile and abusive, and Plaintiff himself subjectively found his work environment to be severe, pervasive, hostile and abusive.

45.    Plaintiff reasonably took advantage of preventive and corrective opportunities provided by Defendants (to the extent that any such preventive and corrective opportunities were actually provided by Defendants) by reporting the harassment as described supra.

46.    Defendants failed to exercise reasonable care to prevent and correct promptly the harassment, including but not limited to Mr. Giarraputo's racially offensive comments.

47.    Defendants deliberately made Plaintiff's working conditions intolerable by, among other things, failing to stop the harassment and discrimination he complained of, and by withholding customary raises in pay from the point of the harassment until his termination.

48.    As a result of Defendants' illegal actions, including reducing Plaintiff's pay, reducing his job duties, preventing him from access to higher paying night work, and terminating his employment, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

49.    Since Defendants' illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff also requests an award of punitive damages.

6

## SECOND CAUSE OF ACTION
(Retaliation in Violation of Title VII)

50.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 49 as if separately set forth herein.

51.    By reporting the comments of Mr. Giarraputo, as described herein, Mr. Gore engaged in statutorily protected activities.

52.    Defendants had knowledge, at all relevant times, that Mr. Gore had reported Mr. Giarraputo's discrimination.

53.    Defendants retaliated against Mr. Gore by not giving him overtime and night work as Defendants did with all other employees on Mr. Gore's project in Long Island. Moreover, RBA hired white inspectors at Mr. Gore's level and gave them more responsibility and more pay than Mr. Gore.

54.    Ordinary and customary pay raises were not given to Mr. Gore on the anniversary of his start date and when he went onto new contracts.

55.    Defendants also retaliated against Mr. Gore by terminating his employment.

56.    By taking the actions described supra in retaliation against Mr. Gore, Defendants violated Title VII.

57.    As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including, but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

58.    Since Defendants' illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff also requests an award of punitive damages.

7

### THIRD CAUSE OF ACTION
(Discrimination in Violation of 42 U.S.C. § 1981)

59.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58 as if separately set forth herein.

60.     Plaintiff is a person within the jurisdiction of the United States as defined by 42 U.S.C. § 1981.

61.     Defendants violated 42 U.S.C. § 1981 by discriminating against Plaintiff because of his race.

62.     Defendants' unlawful discrimination against Plaintiff includes, but is not limited to, harassing and terminating Plaintiff, as described above, including in the First Cause of Action.

63.     As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

64.     Since Defendants' illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff also requests an award of punitive damages.

### FOURTH CAUSE OF ACTION
(Retaliation in Violation of 42 U.S.C. § 1981)

65.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 64 as if separately set forth herein.

8

66.    By reporting discrimination, as described in this complaint, Plaintiff was engaging in statutorily protected activity.

67.    Defendants had knowledge, at all relevant times, that Plaintiff had complained of discrimination.

68.    Defendants retaliated against Plaintiff, including by terminating his employment

69.    .By taking the actions described herein in retaliation against Plaintiff, Defendants violated 42 U.S.C. § 1981.

70.    As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

71.    Since Defendants' illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff also requests an award of punitive damages.

<u>FIFTH CAUSE OF ACTION</u>
(Discrimination in Violation of New York State Human Rights Law)

72.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 71 as if separately set forth herein.

73.    At all relevant times, Plaintiff was an "employee" of RBA for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

74.    Upon information and belief, RBA is an "employer" for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

9

75.    While he worked on the Long Island road project referred to herein, Plaintiff was also an employee of Defendant Haider for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

76.    Upon information and belief, Haider is an "employer" for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

77.    Defendants' unlawful discrimination against Plaintiff includes, but is not limited, to harassing and terminating Plaintiff.

78.    Defendants violated the New York State Human Rights Law by discriminating against Plaintiff, because of his race, in the terms, conditions and privileges of his employment as described in this Complaint.

79.    As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

SIXTH CAUSE OF ACTION
(Retaliation in Violation of New York State Human Rights Law)

80.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 79 as if separately set forth herein.

81.    By complaining of discrimination, as described in this complaint, Plaintiff was engaging in statutorily protected activity.

82.    Defendants had knowledge, at all relevant times, that Plaintiff had complained of discrimination.

83.    Defendants retaliated against Plaintiff as described supra, including by terminating his employment.

84.    By taking the actions described supra in retaliation against Plaintiff, Defendants violated the New York State Human Rights Law.

85.    As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
(Discrimination in Violation of New York City Human Rights Law—Defendant RBA only)

86.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 85 as if separately set forth herein.

87.    Plaintiff has served a copy of this complaint upon the New York City Commission on Human Rights and New York City Corporation Counsel.

88.    Plaintiff is a "person" under § 8-102(1) of the New York City Administrative Code.

89.    Upon information and belief, RBA is an "employer" and "covered entity" subject to the provisions of the New York City Human Rights Law under § 8-102(5) and (17) of the Administrative Code.

90.    RBA violated the New York City Human Rights Law by discriminating against Plaintiff, because of his race in the terms, conditions and privileges of his employment, as described above, during the period of time that Plaintiff was working in New York City.

91.    Defendant RBA's unlawful discrimination against Plaintiff includes, but is not limited, to terminating Plaintiff.

92.    As a result of RBA's unlawful discrimination, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

93.    Since Defendant RBA's illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's statutory rights, Plaintiff also requests an award of punitive damages under the New York City Human Rights Law.

<u>EIGHTH CAUSE OF ACTION</u>
(Retaliation in Violation of New York City Human Rights Law—Defendant RBA only)

94.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 93 as if separately set forth herein.

95.    Defendant RBA violated the New York City Human Rights Law by retaliating against Plaintiff for engaging in protected activity as described <u>supra</u>.

96.    As a result of RBA's unlawful retaliation, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

97.    Since Defendant's illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's statutory rights, Plaintiff also requests an award of punitive damages under the New York City Human Rights Law.

12

WHEREFORE, while reserving the right to seek additional damages as available, Plaintiff demands judgment against Defendants on all causes of action, back pay and benefits and front pay and benefits, plus compensatory and punitive damages, all in amounts to be determined at trial, as well as attorneys' fees, costs and interest

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: June 24, 2004

By:    _____

Christopher P. Edelson (CE 2960)
Attorney for Plaintiff
CHAO & EDELSON, LLC
230 Park Avenue
26th Floor
New York, NY 10169
Telephone:    (212) 867-4751
Telefax:    (212) 867-4755

13

EXHIBIT 1

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Charles Gore<br>626 West 165th Street, Apt 46<br>New York, New York 10032 | Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 50-A2-01999 | Legal Unit   R-1 | (212) 336-3721 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr., District Director

8/27/03
*(Date Mailed)*

Enclosure(s)

cc:   Respondent(s):   The RBA Group
One Evergreen Place
P.O. Box 1927
Morristown, N.J. 07962
Attn: Lori Cole, Director, Human Resources

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CHARLES E. GORE,                 :

             Plaintiff     :

                            :     03 Civ. 9442

                            :

    -against-            :     **SECOND AMENDED COMPLAINT**

                            :

                            :     PLAINTIFF DEMANDS
THE RBA GROUP, Inc.,     :     TRIAL BY JURY
and HAIDER ENGINEERING,  :

                            :

             Defendants.  :
--------------------------------------------------------x

Plaintiff Charles E. Gore, by his attorneys Chao & Edelson, L.L.C., for his Second Amended Complaint against Defendants The RBA Group, Inc. and Haider Engineering, alleges as follows.

### THE PARTIES

1.     Plaintiff Charles E. Gore was employed by Defendant RBA Group, Inc. ("RBA") from November 1999 to January 2004.

2.     Mr. Gore is black.

3.     RBA is a contractor doing business for the State of New York on various construction projects in and around the New York metropolitan area

4.     Defendant Haider Engineering ("Haider") is a contractor doing business for the State of New York on various construction projects in and around the New York metropolitan area.

**VENUE AND JURSDICTION**

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1331.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

**NATURE OF THE ACTION**

11.     This is a civil action for damages and other remedies brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  ("Title VII"), as well as 42 U.S.C. § 1981, the New York State Executive Law, as amended, § 290, et seq. ("New York State Human Rights Law"), and the Administrative Code of the City of New York, as amended, § 8-101 et seq. ("New York City Human Rights Law").  Specifically, Defendants discriminated against Mr. Gore on account of his race and color as described herein.  In addition, after Mr. Gore complained of this discrimination, Defendants retaliated against him, including by giving him unfair employment evaluations, relegating him to positions that paid less money than similarly situated individuals, denying customary pay raises, and ultimately by terminating his employment.

12.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission in or about May 2002 and received notice of right to sue on or about August 29, 2003 (copy attached as Exhibit 1).

13.     Plaintiff previously filed a Complaint on or about November 20, 2003 and an Amended Complaint on or about February 20, 2004 with this Court *pro se*.  Plaintiff has now obtained counsel and, with Defendant RBA's consent (Haider was not named as a defendant in the *pro se* complaints), now files this Second Amended Complaint.

## FACTS

14.    In or about November 1999, RBA hired Mr. Gore.

15.    Mr. Gore was promoted to Senior Inspector in July 2001.

16.    After Mr. Gore received increased pay from the State of New York associated with his Level III certification, Defendants reduced Mr. Gore's hourly rate of pay by $2.50.

17.    In or about March 2002, Plaintiff's supervisor Jack Giarraputo made racially disparaging remarks toward Mr. Gore, including but not limited to saying that Mr. Gore was "dumb", a "nigger", a "snake", a "monkey", among numerous other racially biased comments.

18.    Mr. Giarraputo has never denied making such remarks, and, in fact, RBA concluded, by letter dated April 17, 2002, that Mr. Giarraputo had indeed made such racially disparaging remarks.

19.    On April 5, 2002, Mr. Gore filed a complaint regarding this treatment with the New York State Department of Transportation Highway Construction Division, and the complaint was forwarded to the Office of Equal Opportunity Development and Compliance ("OEODC").

20.    Throughout the course of his employment with Defendants, Mr. Gore was qualified for his position and his job performance was at least satisfactory with no complaints about his performance before he complained about the racial discrimination.

21.    After Mr. Gore made his complaint to the State, Mr. Giarraputo told Mr. Gore that there was no work for him, although the project (a road project in Long Island) Mr. Gore had been working on was far from complete.

22.    When he worked on this project, Mr. Gore was employed by both RBA and Haider.

23.    By working on this project, Mr. Gore would have been able to advance to Inspector Level NICET IV, from his certification level of NICET Level III, and would have received an increase in pay.

24.    Because Mr. Giarraputo denied Mr. Gore the opportunity to do further work on the project after Mr. Gore filed his complaint of discrimination with the state, Mr. Gore was not able to advance to NICET Level IV.

25.    As mentioned, Mr. Gore was working on a road contract in Long Island at this time. Three individuals, Mr. George Alewskewicz, James Elder, and Mr. Elio Zerbini, all white Level III inspectors like Mr. Gore, were hired on this project after Mr. Gore and given higher pay and more responsibilities than Mr. Gore by Defendants.

26.    While working on the contract in Long Island, Mr. Gore was not given night hours, which would have resulted in more pay, although every other employee (none of them black) working on the project was assigned night hours, with resulting higher pay.

27.    Mr. Gore's supervisor, Defendant Giarraputo, stated that he had no use for Mr. Gore and that Mr. Gore had one foot out the door after complaining about Giarraputo's racially biased comments.

28.    Mr. Giarraputo pressured Mr. Gore to leave the project.

29.    Tony Mavis, head of RBA's New York's office told Mr. Gore that he was angry about Mr. Gore's discrimination complaint.

30.    Later in 2002, (after he had complained of discrimination) Mr. Gore was transferred to a contract in New York City, before the Long Island contract's completion.

31.    After being transferred to New York City, though he was a Level III Engineer, Mr. Gore was assigned Level I duties.

32.    In New York City, Mr. Gore was supervised by Moshen Ghajari, an RBA employee.

33.    Mr. Ghajari told Mr. Gore that people like Mr. Gore, who had filed complaints against RBA with the State, should not expect to stay with the company very long.

34.    Defendants terminated Mr. Gore's employment on or about January 5, 2004.

35.    Mr. Gore had received no pay raises since May 2002 though it was customary to receive 5% increases on the anniversary of a person's start date and when starting a new contract.

FIRST CAUSE OF ACTION
(Discrimination in Violation of Title VII)

36.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 as if separately set forth herein.

37.    Plaintiff was, at all relevant times, an employee of Defendant RBA within the meaning of Title VII.

38.    While he worked on the Long Island road project referred to herein, Plaintiff was also an employee of Defendant Haider.

39.    Defendants violated Title VII by discriminating against Plaintiff because of his race.

40.    Defendants' unlawful discrimination against Plaintiff includes, but is not limited to, harassing Plaintiff and discharging Plaintiff because of his race.

41.    Mr. Gore endured harassment from his supervisor Mr. Giarraputo, that was unwelcome, severe, and pervasive.

42.     Mr. Giarraputo's racial comments permeated Mr. Gore's work environment with discriminatory racial harassment and insult.

43.     This harassment detrimentally affected Plaintiff, and was sufficiently severe or pervasive as to alter the terms and conditions of his employment and create a hostile, abusive working environment.

44.     A reasonable person would have found the harassment and discrimination Plaintiff experienced to be severe, pervasive, hostile and abusive, and Plaintiff himself subjectively found his work environment to be severe, pervasive, hostile and abusive.

45.     Plaintiff reasonably took advantage of preventive and corrective opportunities provided by Defendants (to the extent that any such preventive and corrective opportunities were actually provided by Defendants) by reporting the harassment as described supra.

46.     Defendants failed to exercise reasonable care to prevent and correct promptly the harassment, including but not limited to Mr. Giarraputo's racially offensive comments.

47.     Defendants deliberately made Plaintiff's working conditions intolerable by, among other things, failing to stop the harassment and discrimination he complained of, and by withholding customary raises in pay from the point of the harassment until his termination.

48.     As a result of Defendants' illegal actions, including reducing Plaintiff's pay, reducing his job duties, preventing him from access to higher paying night work, and terminating his employment, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

49.     Since Defendants' illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff also requests an award of punitive damages.

<u>SECOND CAUSE OF ACTION</u>
(Retaliation in Violation of Title VII)

50. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 49 as if separately set forth herein.

51. By reporting the comments of Mr. Giarraputo, as described herein, Mr. Gore engaged in statutorily protected activities.

52. Defendants had knowledge, at all relevant times, that Mr. Gore had reported Mr. Giarraputo's discrimination.

53. Defendants retaliated against Mr. Gore by not giving him overtime and night work as Defendants did with all other employees on Mr. Gore's project in Long Island. Moreover, RBA hired white inspectors at Mr. Gore's level and gave them more responsibility and more pay than Mr. Gore.

54. Ordinary and customary pay raises were not given to Mr. Gore on the anniversary of his start date and when he went onto new contracts.

55. Defendants also retaliated against Mr. Gore by terminating his employment.

56. By taking the actions described <u>supra</u> in retaliation against Mr. Gore, Defendants violated Title VII.

57. As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including, but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

58. Since Defendants' illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff also requests an award of punitive damages.

THIRD CAUSE OF ACTION
(Discrimination in Violation of 42 U.S.C. § 1981)

59.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58 as if separately set forth herein.

60.    Plaintiff is a person within the jurisdiction of the United States as defined by 42 U.S.C. § 1981.

61.    Defendants violated 42 U.S.C. § 1981 by discriminating against Plaintiff because of his race.

62.    Defendants' unlawful discrimination against Plaintiff includes, but is not limited to, harassing and terminating Plaintiff, as described above, including in the First Cause of Action.

63.    As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

64.    Since Defendants' illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff also requests an award of punitive damages.

FOURTH CAUSE OF ACTION
(Retaliation in Violation of 42 U.S.C. § 1981)

65.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 64 as if separately set forth herein.

66.    By reporting discrimination, as described in this complaint, Plaintiff was engaging in statutorily protected activity.

67.    Defendants had knowledge, at all relevant times, that Plaintiff had complained of discrimination.

68.    Defendants retaliated against Plaintiff, including by terminating his employment

69.    .By taking the actions described herein in retaliation against Plaintiff, Defendants violated 42 U.S.C. § 1981.

70.    As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

71.    Since Defendants' illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's federally protected rights, Plaintiff also requests an award of punitive damages.

## FIFTH CAUSE OF ACTION
(Discrimination in Violation of New York State Human Rights Law)

72.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 71 as if separately set forth herein.

73.    At all relevant times, Plaintiff was an "employee" of RBA for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

74.    Upon information and belief, RBA is an "employer" for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

9

75.    While he worked on the Long Island road project referred to herein, Plaintiff was also an employee of Defendant Haider for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

76.    Upon information and belief, Haider is an "employer" for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

77.    Defendants' unlawful discrimination against Plaintiff includes, but is not limited, to harassing and terminating Plaintiff.

78.    Defendants violated the New York State Human Rights Law by discriminating against Plaintiff, because of his race, in the terms, conditions and privileges of his employment as described in this Complaint.

79.    As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

SIXTH CAUSE OF ACTION
(Retaliation in Violation of New York State Human Rights Law)

80.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 79 as if separately set forth herein.

81.    By complaining of discrimination, as described in this complaint, Plaintiff was engaging in statutorily protected activity.

82.    Defendants had knowledge, at all relevant times, that Plaintiff had complained of discrimination.

83.    Defendants retaliated against Plaintiff as described supra, including by terminating his employment.

84.    By taking the actions described supra in retaliation against Plaintiff, Defendants violated the New York State Human Rights Law.

85.    As a result of Defendants' illegal actions, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

<u>SEVENTH CAUSE OF ACTION</u>
(Discrimination in Violation of New York City Human Rights Law—Defendant RBA only)

86.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 85 as if separately set forth herein.

87.    Plaintiff has served a copy of this complaint upon the New York City Commission on Human Rights and New York City Corporation Counsel.

88.    Plaintiff is a "person" under § 8-102(1) of the New York City Administrative Code.

89.    Upon information and belief, RBA is an "employer" and "covered entity" subject to the provisions of the New York City Human Rights Law under § 8-102(5) and (17) of the Administrative Code.

90.    RBA violated the New York City Human Rights Law by discriminating against Plaintiff, because of his race in the terms, conditions and privileges of his employment, as described above, during the period of time that Plaintiff was working in New York City.

91.    Defendant RBA's unlawful discrimination against Plaintiff includes, but is not limited, to terminating Plaintiff.

92.    As a result of RBA's unlawful discrimination, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

93.    Since Defendant RBA's illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's statutory rights, Plaintiff also requests an award of punitive damages under the New York City Human Rights Law.

EIGHTH CAUSE OF ACTION
(Retaliation in Violation of New York City Human Rights Law—Defendant RBA only)

94.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 93 as if separately set forth herein.

95.    Defendant RBA violated the New York City Human Rights Law by retaliating against Plaintiff for engaging in protected activity as described supra.

96.    As a result of RBA's unlawful retaliation, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

97.    Since Defendant's illegal actions against Plaintiff were taken with malice or reckless indifference to Plaintiff's statutory rights, Plaintiff also requests an award of punitive damages under the New York City Human Rights Law.

WHEREFORE, while reserving the right to seek additional damages as available, Plaintiff demands judgment against Defendants on all causes of action, back pay and benefits and front pay and benefits, plus compensatory and punitive damages, all in amounts to be determined at trial, as well as attorneys' fees, costs and interest

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: June 24, 2004

By: _____

Christopher P. Edelson (CE 2960)
Attorney for Plaintiff
CHAO & EDELSON, LLC
230 Park Avenue
26th Floor
New York, NY 10169
Telephone:    (212) 867-4751
Telefax:        (212) 867-4755

03 Civ 9442 (RCC)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

CHARLES E. GORE,

Plaintiff,

v.

THE RBA GROUP,

Defendants.

SECOND AMENDED COMPLAINT

CHAO & EDELSON, L.L.C.

Attorneys for Plaintiff Charles E. Gore

Office and Post Office Address, Telephone

230 Park Avenue
New York, New York 10169
(212) 867-4751

BY:

CHRISTOPHER P. EDELSON, ESQ.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant Haider Engineering, P.C.
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn:   James O'Brien, Esq. (JO 6722)
        Lalit K. Loomba, Esq. (LL 9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

CHARLES E. GORE,                          :    03 Civ. 9442 (RJS)(JCF)

                          Plaintiff,      :    **ANSWER TO SECOND-**
        -against-                              **AMENDED COMPLAINT**

                                          :

THE RBA GROUP, INC. and
HAIDER ENGINEERING,                       :

                          DefendantS      :

----------------------------------------------------------------------x

Defendant Haider Engineering, P.C. (s/h/a Haider Engineering) (hereinafter, "Haider

Engineering"), by its undersigned attorneys, as and for its answer to plaintiff's second-amended

complaint, alleges as follows:

<u>The Parties</u>

        1.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 1.

        2.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 2.

        3.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 3.

1963890.1

4.    Denies the allegations contained in paragraph 4, except admits that Haider Engineering is an engineering firm that performed work on the project pursuant to an agreement with defendant The RBA Group, Inc. ("RBA")

5.    The complaint does not contain a paragraph numbered "5," and so no answer is required.

6.    The complaint does not contain a paragraph numbered "6," and so no answer is required.

7.    The complaint does not contain a paragraph numbered "7," and so no answer is required.

8.    The complaint does not contain a paragraph numbered "8," and so no answer is required.

<u>Venue and Jurisdiction</u>

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, and respectfully refers all questions of law to the Court.

10.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and respectfully refers all questions of law to the Court.

<u>Nature of the Action</u>

11.    Denies all factual allegations contained in paragraph 11, and respectfully refers all questions of law to the Court.

- 2 -

12.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12, and respectfully refers all questions of law to the Court.

13.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13.

Facts

14.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.

15.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15.

16.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, except denies that Haider Engineering reduced plaintiff's hourly rate during any period of time relevant to this action.

17.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17.

18.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18.

19.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19.

20.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20.

21.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21.

- 3 -

22.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22, and respectfully refers all legal question to the Court, except admits that plaintiff was employed by Haider Engineering.

23.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23.

24.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24.

25.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25.

26.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26.

27.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27.

28.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28.

29.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29.

30.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30.

31.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31.

32.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32.

- 4 -

33.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33.

34.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34, except denies that Haider Engineering ever terminated plaintiff during any period of time relevant to this action.

35.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35.

As and For a Response to the First Cause of Action
(Discrimination in Violation of Title VII)

36.    Repeats and realleges each response to paragraphs 1 through 35 above as if set forth fully herein.

37.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37, and respectfully refers all questions of law to the Court.

38.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37, except admits that plaintiff was employed by Haider Engineering.

39.    Denies the allegations contained in paragraph 39, and respectfully refers all questions of law to the Court.

40.    Denies the allegations contained in paragraph 40.

41.    Denies the allegations contained in paragraph 41.

42.    Denies the allegations contained in paragraph 42.

- 5 -

43.     Denies the allegations contained in paragraph 43, and respectfully refers all questions of law to the Court.

44.     Denies the allegations contained in paragraph 44, and respectfully refers all questions of law to the Court.

45.     Denies the allegations contained in paragraph 45.

46.     Denies the allegations contained in paragraph 46.

47.     Denies the allegations contained in paragraph 47.

48.     Denies the allegations contained in paragraph 48.

49.     Denies the allegations contained in paragraph 49, and respectfully refers all questions of law to the Court.

<u>As and For a Response to the Second Cause of Action</u>
(Retaliation in Violation of Title VII)

50.     Repeats and realleges each response to paragraphs 1 through 49 above as if set forth fully herein.

51.     Denies the allegations contained in paragraph 51, and respectfully refers all questions of law to the Court.

52.     Denies the allegations contained in paragraph 52, except denies that Haider Engineering had any knowledge of alleged wrongful conduct on the part of Mr. Giarraputo.

53.     Denies the allegations contained in paragraph 53.

54.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54.

1963890.1

55.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55, except denies that Haider Engineering terminated plaintiff.

56.    Denies the allegations contained in paragraph 56, and respectfully refers all questions of law to the Court.

57.    Denies the allegations contained in paragraph 57.

58.    Denies the allegations contained in paragraph 58, and respectfully refers all questions of law to the Court.

As and For a Response to the Third Cause of Action
(Discrimination in Violation of 42 U.S.C. §1981)

59.    Repeats and realleges each response to paragraphs 1 through 58 above as if set forth fully herein.

60.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60, and respectfully refers all questions of law to the Court.

61.    Denies the allegations contained in paragraph 61, and respectfully refers all questions of law to the Court.

62.    Denies the allegations contained in paragraph 62.

63.    Denies the allegations contained in paragraph 63.

64.    Denies the allegations contained in paragraph 64, and respectfully refers all questions of law to the Court.

- 7 -

As and For a Response to the Fourth Cause of Action
(Retaliation in Violation of 42 U.S.C. §1981)

65.     Repeats and realleges each response to paragraphs 1 through 64 above as if set forth fully herein.

66.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66, and respectfully refers all questions of law to the Court.

67.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67, except denies that Haider Engineering had knowledge that plaintiff complained about discrimination.

68.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68, except denies that Haider Engineering terminated plaintiff.

69.     Denies the allegations contained in paragraph 69, and respectfully refers all questions of law to the Court.

70.     Denies the allegations contained in paragraph 70.

71.     Denies the allegations contained in paragraph 71, and respectfully refers all questions of law to the Court.

As and For a Response to the Fifth Cause of Action
(Discrimination in Violation of New York State Human Rights Law)

72.     Repeats and realleges each response to paragraphs 1 through 71 above as if set forth fully herein.

- 8 -

73.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73, and respectfully refers all questions of law to the Court.

74.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74, and respectfully refers all questions of law to the Court.

75.    Denies the allegations contained in paragraph 75, and respectfully refers all questions of law to the Court, except admits that plaintiff was employed by Haider Engineering.

76.    Denies the allegations contained in paragraph 76, and respectfully refers all questions of law to the Court, except admits that plaintiff was employed by Haider Engineering.

77.    Denies the allegations contained in paragraph 77.

78.    Denies the allegations contained in paragraph 78, and respectfully refers all questions of law to the Court.

79.    Denies the allegations contained in paragraph 79, and respectfully refers all questions of law to the Court.

As and For a Response to the Sixth Cause of Action<br>(Retaliation in Violation of New York State Human Rights Law)

80.    Repeats and realleges each response to paragraphs 1 through 80 above as if set forth fully herein.

81.    Denies the allegations contained in paragraph 81, and respectfully refers all questions of law to the Court.

- 9 -

82. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82, except denies that Haider Engineering had knowledge that plaintiff complained about discrimination.

83. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83, except denies that Haider Engineering terminated plaintiff.

84. Denies the allegations contained in paragraph 84, and respectfully refers all questions of law to the Court.

85. Denies the allegations contained in paragraph 85, and respectfully refers all questions of law to the Court.

<u>As and For a Response to the Seventh Cause of Action</u>
(Discrimination in Violation of New York City Human Rights Law – Defendant RBA Only)

86. Repeats and realleges each response to paragraphs 1 through 85 above as if set forth fully herein.

87. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87.

88. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88, and respectfully refers all questions of law to the Court.

89. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89, and respectfully refers all questions of law to the Court.

- 10 -

90.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90, and respectfully refers all questions of law to the Court.

91.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91, and respectfully refers all questions of law to the Court.

92.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92, and respectfully refers all questions of law to the Court.

93.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93, and respectfully refers all questions of law to the Court.

<u>As and For a Response to the Eighth Cause of Action</u>
(Retaliation in Violation of New York City Human Rights Law – Defendant RBA Only)

94.     Repeats and realleges each response to paragraphs 1 through 93 above as if set forth fully herein.

95.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95, and respectfully refers all questions of law to the Court.

96.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96, and respectfully refers all questions of law to the Court.

- 11 -

97.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97, and respectfully refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### As and For a First Affirmative Defense

98.    The second-amended complaint fails to state a cause of action upon which relief can be granted as a matter of law.

### As and For a Second Affirmative Defense

99.    The second-amended complaint is barred, in whole or in part, by the applicable statute of limitations.

### As and For a Third Affirmative Defense

100.    Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver and/or estoppel.

### As and For a Fourth Affirmative Defense

101.    Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative remedies and to meet applicable filing requirements.

### As and For a Fifth Affirmative Defense

102.    Haider Engineering, at all relevant times, acted in good faith and did not violate any of plaintiff's local, state or federal rights.

### As and For a Sixth Affirmative Defense

103.    Any actions taken by Haider Engineering with respect to plaintiff were undertaken in good faith and for legitimate business reasons unrelated to plaintiff's race or any other protected classification.

- 12 -

1963890.1

<u>As and For a Seventh Affirmative Defense</u>

104. Haider Engineering did not know, or have reason to know, of the alleged discrimination and/or harassment.

<u>As and For an Eighth Affirmative Defense</u>

105. Plaintiff's claims are barred because the complained of conduct was neither offensive nor unwelcome, and/or plaintiff participated in such conduct.

<u>As and For a Ninth Affirmative Defense</u>

106. In the alternative, plaintiff's claims of race discrimination and/or harassment are barred and/or any recovery of damages is precluded because Haider Engineering exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

<u>As and For a Tenth Affirmative Defense</u>

107. Plaintiff's claims of race discrimination and/or harassment are barred and/or any recovery of damages is precluded because plaintiff unreasonable failed to take advantage of preventative and corrective opportunities or to avoid harm otherwise.

<u>As and For an Eleventh Affirmative Defense</u>

108. Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages.

<u>As and For a Twelfth Affirmative Defense</u>

109. Plaintiff's second-amended complaint must be dismissed for insufficiency of service of process.

- 13 -

## AS AND FOR CROSS CLAIMS AGAINST
## DEFENDANT THE RBA GROUP, INC.

### As and For a Cross-Claim based in Contribution

110.    Haider Engineering demands contribution from defendant RBA in accordance

with common law and all applicable statutory laws, respectively.

### As and For a Cross-Claim based in Indemnification

111.    Haider Engineering demands indemnification from defendant RBA against any

judgment entered herein on grounds of common-law and contractual indemnification.


WHEREFORE, defendant Haider Engineering, P.C. demands judgment (i) dismissing

plaintiff's second amended complaint with prejudice, (ii) awarding contribution and/or

indemnification against defendant RBA, (iii) awarding the costs and expenses, including

attorney's fees, incurred in the defense of this case, and (iv) such other, further and different

relief as the Court may deem just and proper.

Dated:  White Plains, New York
         April 24, 2008

                            WILSON, ELSER, MOSKOWITZ,
                            EDELMAN & DICKER LLP
                            Attorneys for Defendant Haider
                            Engineering, P.C.


                            By:  Lalit K. Loomba (LL 9755)

                            3 Gannett Drive
                            White Plains, NY  10604
                            (914) 323-7000
                            Our File No.  10991.00001


- 14 -

1963890.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                  ) ss.:

COUNTY OF WESTCHESTER    )

        Patricia Harris, being duly sworn, says:  that I am not a party to this action, am over 18 years of age and reside in Fairfield County, State of Connecticut.

        On the 24 day of April 2008, I served the within document entitled **ANSWER TO SECOND-AMENDED COMPLAINT** on:

> DAVID FISH, ESQ.
> Attorney for Plaintiff
> 500 Fifth Avenue, Suite 5100
> New York, NY  10010
>
> SOKOL, BEHOT & FIORENZO
> Attorneys for Defendant The RBA Group, Inc.
> 433 Hackensack Avenue
> Hackensack, NJ  07601

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*Patricia Harris*
Patricia Harris

Sworn to before me this
24 day of April 2008

Notary Public

LALIT K. LOOMBA
Notary Public, State of New York
No. 60-5006806
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires Jan. 11, 2011

- 15 -

1963890.1

# DAVID M. FISH

. Counselor and Attorney at Law

W W W . D A V I D M F I S H . C O M

500 Fifth Avenue, Suite 5100
New York, NY 10110-5197
Telephone 212.869.1040
Facsimile 212.869.4648

May 15, 2008

**By ECF**
Hon. Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, New York  10007

Re:    **GORE V. THE RBA GROUP, INC. AND HAIDER ENGINEERING**
03 CV. 9442 (RJS)(JCF)

Dear Judge Sullivan:

I am counsel to the plaintiff in the referenced matter.  This is in response to Your Honor's May 12 Order directing that we respond to defendant Haider's May 9, 2008 letter and explain why we believe Haider's motion to dismiss based upon "failure to serve" is likely to fail.

As I explained to counsel, Haider's procedural argument is disingenuous and runs contrary to the actual events in this case.  First, Haider actually received the June 24, 2004 Second Amended Complaint.  On November 11, 2004, Haider was served with the "second amended complaint with summons" by prior counsel, after previously being served with the Motion to Amend Complaint, and accompanying Second Amended Complaint on June 29, 2004.  Haider acknowledged receipt of the Second Amended Complaint, and had numerous discussions with my predecessor regarding it (see attached letters from prior counsel).

Given Haider's actual receipt of the Second Amended Complaint, it cannot use its "strict compliance" argument to void its received **and acknowledged** mail service. Courts have stated that, even lacking strict compliance with Fed. R. Civ. P. 4(c)(2)(C)(ii), service of process is effective where the recipient received the mail, thus affording actual notice to the defendant. Fed. R. Civ. P. 4(c)(2)(C)(ii) should not be read to void a received-but-unacknowledged mail service, or to substitute the requirement of personal service in lieu of an acknowledged mail service. Morse v. Elmira Country Club, 752 F.2d 35, 39 (2d Cir. 1984); Deshmukh v. Cook, 630 F. Supp. 956 (S.D.N.Y. 1986)("'strong factors of justice and equity' favor a finding of effective service where, as here, the recipient actually receives the mail service, but refuses to acknowledge it.").

Hon. Richard J. Sullivan
May 15, 2008
Page 2 of 2


      Finally, this argument – made after adjudication of dispositive motions and this Court's order to complete the pre-trial order – is barred by the doctrine of laches.

      I look forward to discussing this further and answering any questions Your Honor may have at our May 22 conference.

                    Sincerely,

                    *David Fish*

                    David M. Fish

DMF:
Attachments
cc:    Joseph B. Fiorenzo, Esq. (*by fax (201) 488-2460*)
       Lalit K. Loomba, Esq. (*by fax (914) 323-7001*)

Christopher P. Edelson                          E-Mail: chedelson@chaoedelson.com
(212) 867-4754


November 11, 2004


Haider Engineering
755 Merrick Road
Baldwin, NY 11510

                    Re:     Gore v. The RBA Group and Haider Engineering; 03 CV 9442 (SDNY)

Dear Sir or Madam:

        I have not received formal notice from the court, but my understanding is that the court
has permitted plaintiff leave to amend and accepted his second amended complaint.
Accordingly, as mentioned in prior correspondence, I am including the second amended
complaint with summons. Please call me at (212) 867-4754 with any questions.


                                          Sincerely yours,



                                          Christopher P. Edelson


Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

CHARLES E. GORE,                                          :

                        Plaintiff,             :                03 Civ. 9442 (RCC) (JCF)

           - against -                                 :

THE RBA GROUP, and                                       :                <u>AFFIRMATION OF SERVICE</u>
HAIDER ENGINEERING,
                                        :

                       Defendants.            :

------------------------------------------------------x

        I, Christopher P. Edelson, hereby affirm that:

1.     I am not a party to the above referenced action, and am over 18 years of age.

2.     On June 29, 2004, I served the foregoing Motion to Amend Complaint, and accompanying Second Amended Complaint, on Defendants as follows, by first class mail:

     John M. Nolan, Esq.
     Jackson Lewis LLP
     220 Headquarters Plaza
     East Tower
     7th Floor
     Morristown, NJ 07960-6834

     Haider Engineering
     2520 Flatbush Avenue
     Brooklyn, NY 11234

    Service of the Second Amended Complaint will follow with Summons in the event that the Court grants leave to amend.

Christopher P. Edelson                    E-Mail: chedelson@chaoedelson.com
(212) 867-4754

July 27, 2004

Haider Engineering
755 Merrick Road
Baldwin, NY 11510

        Re:    Gore v. The RBA Group and Haider Engineering; 03 CV 9442 (SDNY)

Dear Sir or Madam:

        Enclosed please find a motion to amend complaint and second amended complaint in the
above-referenced case. Haider was not named as a defendant in the previously filed complaints
but is named in this complaint, which has been submitted to the court for approval. I sent the
enclosed document previously (on June 29, 2004), but I apparently did not have your correct
address—please call me at 212 867-4754 to confirm receipt of this package.

        As noted in my June 29 letter, if the court permits plaintiff leave to amend, I will have
this complaint served on you with a summons. In the meantime, please call me at (212) 867-
4754 with any questions.

                                Sincerely yours,

                                Christopher P. Edelson

Enclosure



CHRISTOPHER P. EDELSON, ESQ.
155 East 47th Street #2E
New York, N.Y. 10017
Telephone: (646) 704-2447

October 27, 2005

Syed Haider
Haider Engineering
755 Merrick Road
Baldwin, NY 11510

Re:    Gore v. The RBA Group and Haider Engineering; 03 CV 9442 (SDNY)

Dear Mr. Haider:

As you know, the Court has denied RBA's motion for summary judgment in the above-referenced case. Haider did not file a motion for summary judgment and did not file any objections to the Court's decision. Accordingly, Mr. Gore's claims against Haider will go to trial before a jury.

I would like to strongly recommend, as I have in the past, that Haider Engineering obtains legal representation. I believe it would be useful to discuss the option of out of court settlement before trial. However, I think this can best be done if Haider is represented by counsel. Moreover, if the claims against Haider cannot be resolved, Haider will be required to obtain representation for trial, as defendants are not permitted to proceed *pro se* (representing themselves without an attorney) at trial in federal court, which is where this case has been brought.

I hope that Haider will obtain counsel; if it does, please ask such counsel to contact me. If you have any questions before obtaining counsel (I cannot speak to you if you are represented by counsel), please contact me yourself. If you do want to discuss settlement with me, without counsel (which I do not recommend; I recommend that you obtain counsel), you can contact me at 646 704-2447.

Sincerely yours,

Christopher P. Edelson

DEPOSITION
EXHIBIT
D-11

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☑ EEOC | 160-A2-01999 |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Charles Eugene Gore | 1917 455 0606   212 543 1909   355 8075 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 626 WEST 165th St. Apt 44 | NEW YORK CITY NEW YORK 10032 | 3-27-53 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME The RBA GROUP Engineers·Architects·Planners | NUMBER OF EMPLOYEES, MEMBERS 200 plus | TELEPHONE (Include Area Code) 973-898-0300 |
|---|---|---|

| STREET ADDRESS NY OFFICE corporate HEADQUARTERS P.O. BOX 1927   07962-1927 | CITY, STATE AND ZIP CODE 27 Union Square West NY NY 10003-3366 Morristown, New Jersey One EVERGREEN PLACE | COUNTY |
|---|---|---|

| NAME The RBA GROUP is also located in Atlanta GA, Columbia, MO, Blue Bell Pa, Tupei Town | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☑ RACE   ☑ COLOR   ☐ SEX   ☐ RELIGION   ☑ NATIONAL ORIGIN
☑ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE EARLIEST/LATEST
ongoing since May 2001 I decided to file charges April 2002

☑ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)): I have been dehumanized on my job in every way possible by the Resident Engr. (Mr Jack Guarapata) The RBA group has downrated my professionalism by deceiving me myself & my family has been downgraded & used as a daily joke. I have been characterized on a daily basis as being dumb, a nigger, snake, monkey, fat black ass, all types of demoralizing daily statements, was told that I will never amount to any thing & I am already a NICET LEVEL III certified Engineering Tech. The majority of my federal documents have been sabotaged by RBA employees before my charges were filed & more so now. I am working in a hostile work environment & its effecting my mental & physical health as well as future.
Some        (STATE)     (RBAGroup)    (Bi County const.)   (RBAGroup)
Witnesses: Fred Brabeck-NATT Divila-Thomas Rapp  Julio Amaya
Attached is a copy of a letter mailed to myself by the R.B.A. Group whom are try to convince me to work else where AND forget about this but I know that if I do that they will get rid of me in the near future because I have been branded already.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT Charles E. Gore |
| Date: 6-6-02   Charging Party (Signature) Charles E. Gore | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 6/24/02 (Day, month, and year) |
| | LAURIE DENEN NOTARY PUBLIC, State of New York No. 4793508  Qual. in Suffolk Co. |

EEOC FORM 5 (REV. 3/01))

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: HAIDER ENGINEERING, P.C.

Selected Entity Status Information

**Current Entity Name:** HAIDER ENGINEERING, P.C.
**Initial DOS Filing Date:** JULY 06, 1998
**County:** KINGS
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC PROFESSIONAL CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
HAIDER ENGINEERING, P.C.
755 MERRICK RD
BALDWIN, NEW YORK, 11510-3540
**Chairman or Chief Executive Officer**
SYED HAIDER
755 MERRICK RD
BALDWIN, NEW YORK, 11510-3540
**Principal Executive Office**
SYED HAIDER
755 MERRICK RD
BALDWIN, NEW YORK, 11510-3540
**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page