WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant Haider Engineering, P.C.
3 Gannett Drive
White Plains, NY  10604
(914) 323-7000
Attn:   James O'Brien, Esq. (JO 6722)
        Lalit K. Loomba, Esq. (LL 9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

CHARLES E. GORE,                                    :   03 Civ. 9442 (RJS)(JCF)

                            Plaintiff,              :

        -against-                                   :

THE RBA GROUP, INC. and                             :
HAIDER ENGINEERING,

                            Defendants.             :
----------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# HAIDER ENGINEERING'S MOTION TO DISIMSS

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant Haider Engineering, P.C.
3 Gannett Drive
White Plains, NY  10604
(914) 323-7000

2008460.1

## TABLE OF CONTENTS

**Page**

Introduction ................................................................................................1

Preliminary Statement ...............................................................................1

Pertinent Facts and Procedural History .....................................................1

Argument ....................................................................................................3

      **POINT I**

      **THE SECOND-AMENDED COMPLAINT WAS NOT
      PROPERLY SERVED UPON HAIDER ENGINEERING** .................................5

      **POINT II**

      **GORE'S CLAIMS AGAINST HAIDER ENGINEERING
      ARE BARRED BY THE APPLICABLE
      STATUTES OF LIMITATIONS** ........................................................................6

Conclusion ..................................................................................................7

2014873.1

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page**

*Cambridge Holdings, Group, Inc. v. Federal Ins. Co.,*
  *d/b/a Chubb Group of Ins. Cos.,* 489 F.3d 1356 (D.C. Cir. 2007) ................................4, 5

*Edward v. New York City Board of Ed.,*
  23 Fed. Appx. 70, 2001 U.S. App. LEXIS 26437 (2d Cir. 2001).......................................5

*Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004) ................................................6

*McGann v. State of New York,* 77 F.3d 672 (1996) ............................................................5

*Morse v. Elmira Country Club,* 752 F.2d 39 (2d Cir. 1984)................................................5

*Patterson v. County of Oneida,* 375 F.3d 206 (2d Cir. 2006)..............................................6

*Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708 (2d Cir. 1996)..................................6


### *Statutes and Regulations*

Fed. R. Civ. P. 4(d); N.Y.C.P.L.R. §312-a .........................................................................3

Fed. R. Civ. P. 4(h)(d)(2)(D)-(G) ......................................................................................4

Fed. R. Civ. P. Rule 4(h).....................................................................................................3

N.Y.C.P.L.R. §311(a)(1)......................................................................................................3

N.Y.C.P.L.R. §312-a(a) .......................................................................................................4

### Introduction

Haider Engineering, P.C. (s/h/a "Haider Engineering"), respectfully submits this memorandum of law in support of its motion to dismiss plaintiff's second-amended complaint, pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, on grounds of insufficiency of service of process and the statute of limitations.

### Preliminary Statement

Plaintiff Charles E. Gore ("Gore") concedes that he did not *serve* his second-amended complaint upon Haider Engineering, but rather only *sent* a copy via first class mail. Gore nevertheless contends that sending the complaint by first class mail is sufficient under the Federal Rules because Haider Engineering acknowledged receipt of the complaint and hence knowledge of the action. This contention is incorrect. Strict compliance with the rules for service of process is required, and Gore has not complied. That Haider Engineering may have received the second-amended complaint and been aware of the litigation does not constitute a waiver of service of process. The claims raised in Gore's second-amended complaint are presently time-barred. Accordingly, the second-amended complaint must be dismissed against Haider Engineering.

### Pertinent Facts and Procedural History

Gore, acting *pro se,* filed his original complaint on November 25, 2003. He filed an amended complaint, also acting *pro se,* on February 20, 2004. Ex. A.[1] Gore alleged that he was subject to racial discrimination on a road construction job site in Long Island that was managed on a day-to-day basis by defendant The RBA Group, Inc. ("RBA"). *Id.* Gore alleged specifically that he was subjected to racial harassment by one of RBA's employees, Jack

---

[1] All exhibits referenced herein are annexed to the accompanying declaration of Lalit K. Loomba, Esq., dated June 11, 2008.

Giarraputo. *Id.,* at ¶17. It is undisputed that neither the original nor the first-amended complaint named Haider Engineering as a defendant.

On July 6, 2004, Gore filed a motion for permission to file a second-amended complaint naming Haider Engineering as a defendant. Ex. B. It does not appear that the Court ever formally ruled on Gore's motion. *Id.* Nevertheless, by letter dated November 11, 2004, Gore's attorney sent a copy of the second-amended complaint to Haider Engineering by first class mail. Ex. C. The letter enclosed a copy of a summons and the second-amended complaint but did not enclose anything else, including, specifically, a separate notice or request seeking waiver of service of process. *Id.*

On April 27, 2005, RBA filed a motion for summary judgment seeking dismissal of the second-amended complaint. Ex. B, at entries 19-23. On August 29, 2005, Magistrate Judge James C. Francis, IV, issued a report and recommendation in which he recommended that RBA's motion be denied. *Id.,* at entry 34. On March 31, 2008, District Judge Kenneth Karas issued a decision and order adopting Magistrate Francis's report and recommendation. *Id.,* at entry 45.

Gore's second-amended complaint contains the following claims: (i) discrimination in violation of Title VII; (ii) retaliation in violation of Title VII; (iii) discrimination in violation of 42 U.S.C. §1981; (iv) retaliation in violation of 42 U.S.C. §1981; (v) discrimination in violation of the New York State Human Rights Law; and (vi) retaliation in violation of the New York State Human Rights Law. Ex. D. There are two additional claims alleged against RBA only. *Id.*, at ¶¶86-97.

Haider Engineering did not appear in this action until April 24, 2008, when it filed an answer denying all material allegations in the second-amended complaint. Ex. E. The answer

specifically and expressly raises insufficiency of service of process and statute of limitations as affirmative defenses. *Id.*, at ¶¶99, 109.

**Argument**

**POINT I**

**THE SECOND-AMENDED COMPLAINT WAS NOT
PROPERLY SERVED UPON HAIDER ENGINEERING**

Haider Engineering is a professional corporation organized under the laws of the state of New York. *See* Loomba Decl. at ¶9, and Ex. H. Under Rule 4(h) of the Federal Rules of Civil Procedure, service of process upon a corporation may be made in one of two ways. First, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. Rule 4(h). Or second, via referenced to Rule 4(e)(1), "pursuant to the law of the state in which the district court is located," *id.,* in this case New York.

Under Section 311 of the New York Civil Practice Law and Rules (CPLR), service on a domestic corporation may be made by "delivering" the summons and complaint to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y.C.P.L.R. §311(a)(1). In addition, service upon a corporation may be made upon the New York State Secretary of State pursuant to the provisions of Section 306 of the New York State Business Corporation Law. *Id.*

Service by first class mail, *without more*, is not an authorized method or means of service of process under the Federal Rules or under New York State law. However, both Federal and New York State law contain provisions under which a plaintiff may send the summons and complaint by first class mail along with specified documentation requesting the defendant to waive service of process. Fed. R. Civ. P. 4(d); N.Y.C.P.L.R. §312-a. If the defendant executes

- 3 -

the required additional documentation and returns the executed waiver to the plaintiff, service of process will be deemed complete. *Id.*

Under Federal Rule 4(d), the additional documentation consists of a "request" which shall: (i) "inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request"; (ii) "set forth the date on which the request is sent"; (iii) "allow the defendant a reasonable time to return the waiver . . ."; and (iv) "provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing." Fed. R. Civ. P. 4(h)(d)(2)(D)-(G). Under CPLR 312-a, the additional documentation must include "two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in [CPLR 312-a(d)], with a return envelope, postage prepaid, addressed to the sender." N.Y.C.P.L.R. §312-a(a).

In the instant case, Gore did not comply with any of the foregoing rules. Gore does not claim that he "delivered" a copy of the summons and complaint to an officer, managing agent or any other authorized agent of Haider Engineering, or that he served the summons and complaint upon the New York State Secretary of State. Ex. F. Rather, Gore only claims that a copy of the summons and complaint was sent by first class mail attached to a letter dated November 11, 2004. *Id.* However, in violation of Federal Rule 4(d) and CPLR 312-a, Gore's letter did not include any of the additional notices and requests for waiver forms required by such rules. Ex. C. Gore's attempted service of process upon Haider Engineering was therefore insufficient.

Gore's contention that Haider Engineering actually received a copy of the summons and complaint and thus knew about the litigation is immaterial. *See Cambridge Holdings, Group, Inc. v. Federal Ins. Co. d/b/a Chubb Group of Ins. Cos.*, 489 F.3d 1356, 1362 (D.C. Cir. 2007).

- 4 -

As the Court in *Cambridge* observed, Rule 4(d) forecloses "the contention that federal 'service by mail' is complete whenever a defendant acknowledges actual receipt of the summons and complaint. In fact, *Rule 4(d) is not a rule about 'service by mail' at all, but rather a rule about 'waiver of service.'*" *Id* (emphasis added). Similarly, receipt of a summons and complaint and knowledge of a lawsuit is not sufficient to satisfy the requirements of service under CPLR 312-a, because "[a] defendant's mere knowledge of a lawsuit is not a substitute for the acknowledgement of personal service by mail." *Edward v. New York City Board of Ed.,* 23 Fed. Appx. 70, 2001 U.S. App. LEXIS 26437, at *4 (2d Cir. 2001).

Any reliance Gore might place on *Morse v. Elmira Country Club,* 752 F.2d 39 (2d Cir. 1984), would be misplaced. First, as noted in *Cambridge,* the 1984 decision *Morse* was decided prior to the 1993 amendment to Federal Rule 4, and addressed the now defunct provisions of Rule 4(c)(2)(C). *Cambridge,* 489 F.3d at 1362. Second, the *Morse* decision was itself limited by a subsequent decision of the Second Circuit. *McGann v. State of New York,* 77 F.3d 672 (1996). In language applicable here, the Second Circuit in *McGann* held: "a line should be drawn between the situation where a plaintiff sends all the papers required under Rule 4(c)(2)(C) to a defendant and the defendant fails to respond and where, as here, the plaintiff does not send all the necessary papers to the defendant and the defendant fails to respond." *Id.* at 675. This holding, while addressed to Rule 4(c)(2)(C), is entirely consistent with the requirements of Rule 4(d) discussed above, under which a plaintiff must, in addition to sending a copy of the complaint, provide the defendant with specific documentation, using prescribed forms and language, seeking the defendant's waiver of service of process. Gore failed to satisfy such requirements in the instant case, and Haider Engineering never waived the service of process defense.

- 5 -

## POINT II

### GORE'S CLAIMS AGAINST HAIDER
### ENGINEERING ARE BARRED BY THE
### APPLICABLE STATUTES OF LIMITATIONS

Gore alleges that he "was employed by [RBA] from November 1999 to January 2004,"

Ex. D, at ¶1, but that, while he worked on the road construction project in Long Island, he "was

employed by both RBA and Haider [Engineering]." *Id.* at ¶22. Gore alleges that the Long Island

project ended in "later in 2002," *id.* at ¶30, after which he "was transferred to a contract in New

York City." *Id.* Accordingly, as alleged by Gore, any discriminatory and/or retaliatory conduct

by Haider Engineering allegedly took place during 2001 and 2002 while Gore was involved in

the Long Island project.

The statute of limitations applicable to claims under Title VII (42 U.S.C. §2000e) is 300

days. *Patterson v. County of Oneida,* 375 F.3d 206, 220 (2d Cir. 2006). Claims under 42 U.S.C.

§1981 are governed by a four-year limitations period. *Jones v. R.R. Donnelley & Sons Co.,* 541

U.S. 369, 382 (2004). Claims under Section 296 of the New York State Executive law are

governed by a three-year limitations period. *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d

708, 714 (2d Cir. 1996). It is now over six years from any discriminatory or retaliatory conduct

alleged as against Haider Engineering. Gore filed a complaint with the EEOC on or about June

6, 2002, but the complaint only named RBA. Ex. G. Therefore, Gore's claims against Haider

Engineering under Title VII, Section 1981 and Section 296 are barred by the applicable statutes

of limitations.

## Conclusion

For the reasons set forth above, this Court should issue an Order dismissing the second-amended complaint, with prejudice, as against Haider Engineering.

Dated: White Plains, New York
      June 11, 2008

                    Respectfully submitted,

                    WILSON, ELSER, MOSKOWITZ,
                    EDELMAN & DICKER LLP
                    Attorneys for Defendant Haider
                    Engineering, P.C.

                    By:  Lalit K. Loomba (LL 9755)

                    3 Gannett Drive
                    White Plains, NY  10604
                    (914) 323-7000
                    Our File No.  10991.00001

2008460.1