WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant Haider Engineering, P.C.
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn:  James O'Brien, Esq. (JO 6722)
       Lalit K. Loomba, Esq. (LL 9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHARLES E. GORE,                                : 03 Civ. 9442 (RJS)(JCF)

                Plaintiff,     :

   -against-

                                                               :

THE RBA GROUP, INC. and
HAIDER ENGINEERING,                             :

                Defendants.    :
------------------------------------------------------------------x


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
## OF HAIDER ENGINEERING'S MOTION TO DISIMSS


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant Haider Engineering, P.C.
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

2028912.1

## Introduction

Haider Engineering, P.C. (s/h/a "Haider Engineering"), respectfully submits this reply memorandum of law in response to the affirmation of David M. Fish, Esq., dated June 19, 2008, and in further support of its motion to dismiss plaintiff's second-amended complaint.

## Argument

### POINT I

### THE ALLEGED "AFFIDAVIT OF SERVICE" IS NOT SUFFICIENT TO MOOT HAIDER ENGINEERING'S MOTION TO DISMISS

The purported "affidavit of service" annexed as Exhibit A to the affirmation of David Fish is not sufficient to raise any questions of fact regarding delivery of the second-amended complaint upon Haider Engineering.

The document is not signed, not notarized, and not even dated until after Haider Engineering filed its motion. Plaintiff Charles Gore's ("Gore") attorney asserts: "The only reason for the delay in *finding* this document is that the case file needed to be reconstructed through communication with Mr. Edelson, who is now employed in Washington, D.C." Fish Aff'm, at ¶6 (emphasis added). It appears disingenuous, to say the least, to explain the delay in *finding* a document that is not even dated until after Haider Engineering's motion was filed, and was obviously prepared in response to the motion.

But even if Gore could produce a signed copy of the purported affidavit -- which to date he has not -- service would still insufficient. First, while Gore filed his motion for permission to file a second-amended complaint on July 6, 2004, the Court never ruled on the motion. Accordingly, Gore never received the leave of court required under Rule 15(a) of the Federal Rules to file an amended pleading. Fed. R. Civ. P. 15(a). Defendant RBA Group attached a copy of the second-amended complaint to its motion for summary judgment, and in ruling on the

-1-

2028912.1

motion the Court cited to the second-amended complaint, but the Court's rulings – including the report and recommendation of Magistrate James C. Francis, dated August 29, 2005, and the order by District Judge Kenneth M. Karas adopting the Magistrate's recommendation, dated March 31, 2008 -- did not address or otherwise rule on Gore's underlying motion for permission to file an amended pleading. In the absence of a court order authorizing a second-amended complaint, the document purportedly served on Haider Engineering is a nullity and not sufficient to bring Haider Engineering within the jurisdiction of this Court.

Second, if this Court were to now rule that the second-amended complaint was authorized, then, according to the Court's own docket sheet, the document was filed on July 6, 2004. Ex. B, at Docket Entry #8. Under Rule 4(m) of the Federal Rules of Civil Procedure, Gore was obliged to serve the summons and second-amended complaint within 120 days. Fed. R. Civ. P. 12(m). Moreover, under Rule 4(l), the "person effecting service *shall make proof thereof to the court."* Fed. R. Civ. P. 4(l) (emphasis added). The unsigned and un-notarized "affidavit" of service, however, purports to have delivered complaint on December 15, 2004, clearly beyond the 120 day limit. In addition, until Haider Engineering made the instant motion, no attempt was made by Gore to comply with Rule 4(l) by filing proof of service with the Court. Gore's post-hoc attempt to comply with Rules 4(l) and 4(m) of the Federal Rules should be rejected.

It was undisputed by Gore that his claims against Haider Engineering are now time-barred. Since the second-amended complaint was never authorized, or if authorized, never properly served, it should be dismissed with prejudice as against Haider Engineering.

## POINT II
### HAIDER'S ACKNOWLEDGMENT OF RECEIPT OF THE SUMMONS AND COMPLAINT IS NOT SUFFICIENT TO WAIVE SERVICE OF PROCESS

Haider Engineering demonstrated in its main motion that receipt of the summons and complaint and/or actual knowledge of the lawsuit is immaterial to the issue of whether the second-amended complaint was properly served. *See Cambridge Holdings, Group, Inc. v. Federal Ins. Co. d/b/a Chubb Group of Ins. Cos.*, 489 F.3d 1356, 1362 (D.C. Cir. 2007); *Edward v. New York City Board of Ed.*, 23 Fed. Appx. 70, 2001 U.S. App. LEXIS 26437, at *4 (2d Cir. 2001). As predicted, Gore relies on *Morse v. Elmira Country Club*, 752 F.2d 39 (2d Cir. 1984), but reliance upon that case is misplaced. The 1984 decision *Morse* was decided prior to the 1993 amendment to Federal Rule 4, and addressed the now defunct provisions of Rule 4(c)(2)(C).[1] *Cambridge*, 489 F.3d at 1362. Moreover, the *Morse* decision was itself limited by a subsequent decision of the Second Circuit. *McGann v. State of New York*, 77 F.3d 672 (1996). For these same reasons, Gore's reliance upon *Deshmukh v. Cook*, 630 F. Supp. 956 (S.D.N.Y. 1986) and *Frank v. Express Funding Corp.*, 133 F.R.D. 14 (S.D.N.Y. 1990), is misplaced as both decisions merely follow the now discredited ruling in *Morse*.

## POINT III
### HAIDER ENGINEERING HAS NOT WAIVED ITS SERVICE OF PROCESS DEFENSE BY CONDUCT

Where a defendant participates significantly in pre-trial proceedings before the Court, such conduct may waive the defense of insufficiency of service of process. *Arthur Williams, Inc. v. Helbig*, 2001 U.S. Dist. LEXIS 6576, at *6-7 (S.D.N.Y. 2001). But "[w]hen determining whether a party was waived its jurisdictional objections, the court must focus its attention on the

---

[1] Notably, Gore does not cite a single case more recent than 1990, a full three years before the pertinent amendment to Rule 4 of the Federal Rules of Civil Procedure.

- 3 -

2028912.1

nature and extent of defendants' *contact with the court.*" *Id.* at *6 (emphasis added). In *Helbig,* the defendant's conduct was "limited to submission of papers in opposition to a motion for a default judgment and an appearance at a pretrial conference in reference to that motion." *Id.* at *7. The Court (Stein, J.) held such conduct insufficient to waive the jurisdictional defense.

Gore argues that Haider Engineering waived its service of process defense by submitting to a deposition. The argument fails. The procedural history of this case viz a viz contact between Haider Engineering and the Court is undisputed. Haider Engineering had no contact with the Court whatsoever until an answer was filed on its behalf in April 2008, in which the defense of insufficiency of service of process was expressly asserted.

Syed Haider, the president of Haider Engineering, did answer questions at a deposition taken by plaintiff's attorney on February 16, 2005. But neither Mr. Haider nor Haider Engineering was represented by counsel at the deposition, and Haider Engineering did not, by virtue of Mr. Haider's deposition testimony, appear in the case. Co-defendant RBA later moved for summary judgment. But Haider Engineering did not participate in that motion. Prior to the conference on this motion, Haider Engineering never appeared, pro se or represented by counsel, in a court conference in this case. And until it filed its answer and made the instant motion to dismiss, Haider Engineering has never sought any relief from the Court.

The undisputed procedural history of this case -- which details Haider Engineering's limited conduct in discovery and lack of any contact with the Court – distinguishes it from the pre-1993 decisions relied upon by Gore where defendants were deemed to have waived the service of process defense.

Thus, in *Adidas Sportschuhfabriken Adi Dassler Stiftung & Co.,* 1990 U.S. Dist. LEXIS 3953 (S.D.N.Y. 1990), defendants were personally served with a temporary restraining and

seizure order and conducted settlement negotiations for more than a year after receiving notice of the lawsuit. The defendants only raised the service of process issue collaterally, after a default judgment had been entered and the plaintiffs sought enforcement of the default judgment. In *Burton v. Northern Dutchess Hosp.,* 106 F.R.D. 477 (S.D.N.Y. 1985), the defendants answered the complaint, raising the service defense, but then embarked on 3.5 year course of extensive discovery, consented to a change in venue, and appeared, by counsel, at numerous pre-trial conferences. Similarly, in *McGowan v. Bellanger,* 32 A.D.2d 293, 301 N.Y.S.2d 712 (3d Dep't 1969), the defendant, represented by counsel, engaged in extensive pre-trial activity, including filing a motion to strike the note of issue. The extensive pre-trial contacts in these cases, in which the defendants were represented by counsel, are in stark contrast to single deposition provided by Syed Haider, who appeared without any representation.

The cases cited by Gore to argue that Haider Engineering is guilty of laches in raising the defense are likewise inapplicable. Haider Engineering filed its Rule 12(b)(5) motion within weeks after filing its answer. The defendants in the cases relied upon by Gore waited years. Hence, in *Marcial Ucin, S.A. v. SS Galicia,* 723 F.2d 994 (1st Cir. 1983), the defendant filed a general appearance in May 1974. Four years later, the defendant moved to dismiss on grounds that it was not properly served with process. The First Circuit found that defendant's counsel had, in the interim period, attended thirteen depositions. Similarly, in *Vozeh v. Good Samaritan Hosp.,* 84 F.R.D. 143 (S.D.N.Y. 1979), the Court found a two-year gap between appearance and moving to dismiss for insufficiency of service of process too lengthy. While in *Benveniste v. Eiseman,* 199 F.R.D. 628 (S.D.N.Y. 1988), the Court found that a three-year time span, during which defendants appeared by counsel at seven pre-trial conferences and participated in full pre-trial discovery, constituted a waiver of the service of process defense. In the instant case, by

contrast, Haider Engineering was never represented and never appeared until April 2008. Within weeks of filing its answer, it sought permission to file the instant motion.

Finally, *Dubrant v. Traditional Investments, Ltd.,* 1990 U.S. Dist. LEXIS 3074 (S.D.N.Y. March 22, 1990), a case cited by Gore, actually supports Haider Engineering's position. In *Dubrant,* the court found that a 10-month delay between serving an answer and filing a motion to dismiss for insufficiency of service of process was insufficient to constitute a waiver of the right to challenge service of process. *Id.* at *6-7.

## Conclusion

For the reasons set forth above, and in Haider Engineering's main motion papers, this Court should issue an Order dismissing the second-amended complaint, with prejudice, as against Haider Engineering.

Dated: White Plains, New York
       June 24, 2008

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant Haider
Engineering, P.C.

By: Lalit K. Loomba (LL 9755)

3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Our File No. 10991.00001