UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CHARLES E. GORE,                   :
                                   :
          Plaintiff,               : 03 Civ. 9442 (RJS) (JCF)
                                   :
     - against -                   :      REPORT AND
                                   :      RECOMMENDATION
                                   :
THE RBA GROUP, INC. and            :
HAIDER ENGINEERING,                :
                                   :
          Defendants.              :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE RICHARD J. SULLIVAN, U.S.D.J.:

     Charles E. Gore brings this employment discrimination action
against The RBA Group, Inc. ("RBA") and Haider Engineering
asserting claims under Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e et seq; 42 U.S.C. § 1981; the New York State
Human Rights Law, N.Y. Exec. Law § 290 et seq; and the New York
City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.  Haider
Engineering now moves pursuant to Rules 12(b)(5) and 12(b)(6) of
the Federal Rules of Civil Procedure to dismiss the claims asserted
against it in the Second Amended Complaint on the grounds that
service was never properly effected and that the claims are now
time barred.  In response, Mr. Gore asserts that service of the
Second Amended Complaint was properly made; in the alternative, he
argues that Haider Engineering waived its opportunity to contest
service as a result of its participation in these proceedings.  For
the reasons that follow, I recommend that the motion to dismiss be
denied and that the plaintiff's time to effect service on Haider

1

Engineering be extended for thirty (30) days.

<u>Background</u>

The facts underlying this action are set forth in detail in my Report and Recommendation dated August 29, 2005, and will be summarized here only to the extent necessary to address the instant motion. Haider Engineering is a domestic corporation registered in the State of New York; its business involves construction contracting in and around the New York metropolitan area. (Entity Information for Haider Engineering, P.C. ("Entity Information"), attached as Exh. H to Declaration of Lalit K. Loomba dated June 11, 2008 ("Loomba Decl."); Second Amended Complaint ("2nd Am. Compl."), ¶ 4). The CEO of Haider Engineering is Syed Haider ("Mr. Haider"). (Entity Information).

Mr. Gore, a black man, was an employee of Haider Engineering from May 2001 until March 2003. (Defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("Def. Rule 56.1 Statement"), ¶¶ 21-22; Plaintiff's Rule 56.1 Statement of Disputed Material Facts, ¶ 1). During this period, Mr. Gore worked as an inspector for an intersection restoration project on Long Island known as the Route 231 Project. (Deposition of Julius Giarraputo ("Giarraputo Dep."), excerpts attached as Exh. G to Certification of Joseph B. Fiorenzo dated April 27, 2005 ("Fiorenzo Cert.") and as Exh. 4 to Affirmation of Christopher P. Edelson dated June 2, 2005 ("Edelson Aff."), at 11-12; Deposition of Syed

Haider ("Haider Dep."), excerpts attached as Exh. D to Fiorenzo Cert., at 18-22; Affidavit of Charles Gore dated May 31, 2005, attached as Exh. 1 to Edelson Aff., at 1).

While working on the Route 231 project, Mr. Gore was supervised by Julius "Jack" Giarraputo, an RBA employee. (Giarraputo Dep. at 12-16; Deposition of Charles Gore dated Feb. 15, 2005 ("Gore Dep. II"), excerpts attached as Exh. J to Fiorenzo Cert. and as Exh. 3 to Edelson Aff.).  The plaintiff has alleged that Mr. Giarraputo made racially disparaging remarks toward him on a weekly basis, calling him a "nigger," a "monkey," a "fat dumb black ass," and "a piece of shit;" saying that he "smelled like Harlem;" and challenging his ability to do his job.  (Deposition of Charles Gore dated Jan. 25, 2005 ("Gore Dep. I"), excerpts attached as Exh. H to Fiorenzo Cert. and as Exh. 2 to Edelson Aff., at 184-87; Gore Dep. II at 20-22, 281-82, 293).  As a result of Mr. Giarraputo's remarks, Mr. Gore alleges that he experienced humiliation, loss of self esteem, physical illness, and depression. (Gore Dep. II at 24-26, 282-83).

On June 6, 2002, Mr. Gore filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") against RBA regarding Mr. Giarraputo's conduct.  (EEOC Charge of Discrimination dated June 6, 2002, attached as Exh. AA to Fiorenzo Cert.; Gore Dep. I at 290-92).  In August 2003, the EEOC informed Mr. Gore that it had not found sufficient evidence to

continue its investigation and issued him a Right to Sue Letter. (Letter of EEOC dated Aug. 26, 2003, attached as Exh. EE to Fiorenzo Cert.; Def. Rule 56.1 Statement, ¶ 52).

The plaintiff filed his first complaint against RBA with this Court on November 20, 2003. (2nd Am. Compl., ¶ 13). On July 6, 2004, he filed a Second Amended Complaint naming both RBA and Haider Engineering as defendants. (2nd Am. Compl., ¶¶ 3-4). RBA filed an answer to the Second Amended Complaint on October 12, 2004; Haider Engineering, however, did not file an answer or any other document with this Court until April 24, 2008. (Civil Docket Sheet, attached as Exh. B to Loomba Decl., at 4; Answer of Haider Engineering, attached at Exh. E to Loomba Decl.).

The plaintiff asserts that the Second Amended Complaint was personally served on Haider Engineering. (Letter from David M. Fish dated May 15, 2008, attached as Exh. F to Loomba Decl., at 1). In support of this contention, the plaintiff has produced three unsigned letters from Christopher P. Edelson, Mr. Gore's prior counsel, addressed to Haider Engineering, stating that Mr. Edelson had sent Haider Engineering two copies of the Second Amended Complaint and recommending to Mr. Haider that he obtain legal representation. (Letters from Christopher P. Edelson dated July 27, 2004, Nov. 11, 2004, and Oct. 27, 2005, attached as Exh. F to Loomba Decl.). In addition, at an evidentiary hearing conducted in connection with the instant motion, Mr. Edelson testified that he

had multiple telephone conversations in 2004 and 2005 with Mr. Haider discussing the Second Amended Complaint and its implications. (Tr. at 8).[1] According to Mr. Edelson, Mr. Haider admitted during those conversations that he had received the Second Amended Complaint. (Tr. at 8).

The plaintiff has also produced an unsigned affidavit of service dated June 16, 2008 from Professional Process Servers. It attests that the Second Amended Complaint was served by a Donald J. Klune on an authorized agent of Haider Engineering named "Ana Moatos" on December 15, 2004. (Affidavit of Service dated June 16, 2008, attached at Exh. A to Affidavit of David M. Fish dated June 19, 2008). At the evidentiary hearing, Mr. Edelson testified that he had made efforts to locate Mr. Klune, but that Mr. Klune had left Professional Process Servers and could not be found. (Tr. at 14-16). Mr. Haider acknowledges that he once employed a secretary named Anna Matos, but he denies that she was a person authorized to receive process or that he ever received the Second Amended Complaint from her. (Tr. at 17, 19, 21).

Despite the absence of an answer from Haider Engineering, Mr. Gore and RBA proceeded with the case; they exchanged interrogatories and conducted depositions throughout the fall of 2004 and the winter of 2005. (Plaintiff's Response to Defendant

---

[1] "Tr." refers to the transcript of the evidentiary hearing held on February 6, 2009.

The RBA Group's First Set of Interrogatories dated Sept. 19, 2004, attached as Exh. JJ to Fiorenzo Cert.; Deposition of Thomas Fastert, excerpts attached as Exh. C to Fiorenzo Cert., at 1; Deposition of Anthony N. Mavis, excerpts attached as Exh. E to Fiorenzo Cert. and as Exh. 5 to Edelson Aff., at 1; Deposition of Lori Cole Sohn, excerpts attached as Exh. F to Fiorenzo Cert. and as Exh. 6 to Edelson Aff., at 1; Giarraputo Dep. at 1; Gore Dep. I at 1; Gore Dep. II at 1).  On February 16, 2005, the plaintiff took the deposition of Mr. Haider.  (Haider Dep. at 1).

Haider Engineering engaged counsel and filed an answer to the Second Amended Complaint on April 24, 2008.  In its answer, Haider Engineering asserted a defense of insufficiency of service of process.  On June 12, 2008, it brought the instant motion to dismiss.

Discussion

A. Proper Service Pursuant to Rule 4

Service within the United States of a summons and complaint on a corporation in an action in federal district court is governed by Rule 4(h)(1) of the Federal Rules of Civil Procedure, which provides that service may be effectuated either:

following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

or

by delivering a copy of the summons and of the complaint

6

> to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(e)(1), 4(h)(1)(B).  In this case, the state rule governing service is Section 311(a)(1) of the New York Civil Practice Law and Rules, which states:

> Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: (1) upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. [Or on the secretary of state as an agent] pursuant to section three hundred six . . . of the business corporation law.

N.Y. C.P.L.R. 311(a)(1); <u>see also</u> N.Y. Bus. Corp. Law § 306(b)(1).

Both the Federal Rules of Civil Procedure and the New York Civil Practice Law and Rules allow a domestic corporation to waive personal service by completing a formal waiver of service and returning it to the plaintiff.  Fed. R. Civ. P. 4(d); N.Y. C.P.L.R. § 312-a.  The waiver form must be enclosed with the summons and complaint and sent via first class mail; once the waiver form is returned by the defendant, the plaintiff must file it with the Court.  Fed. R. Civ. P. 4(d)(4).

The Federal Rules of Civil Procedure require a plaintiff to complete service through one of the available methods "within 120 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  In cases where service is made by a process server, the plaintiff must

file an affidavit of service with the Court.  Fed. R. Civ. P. 4(l)(1).

Once a defendant raises a challenge to service pursuant to Rule 12(b)(5), the plaintiff bears the burden of proving that service of process was adequate.  See Akhenaten v. Najee, LLC, No. 07 Civ. 970, 2008 WL 3919185, at *1 (S.D.N.Y. Aug. 25, 2008); Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002); Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999).  "An affidavit of service constitutes prima facie evidence of effective service." Polygram Merchandising, Inc. v. New York Wholesale Co., No. 97 Civ. 6489, 2000 WL 23287, at *2 (S.D.N.Y. Jan. 13, 2000) (citing Howard Johnson International, Inc. v. Wang, 7 F. Supp. 2d 336, 339 (S.D.N.Y. 1998), aff'd 181 F.3d 82 (2d Cir. 1999)).  If the defendant contests the affidavit, however, it is the plaintiff's burden to demonstrate that service was proper.  See Fifth Third Bank v. Mytelka, No. 05-mc-52, 2008 WL 3852170, at *2 (E.D.N.Y. Aug. 16, 2008).

Mr. Gore claims that Haider Engineering was properly served with the Second Amended Complaint under Rule 4(h)(1) on the basis of personal service on a secretary at the place of business.  (Tr. at 23).  This contention fails for lack of proof.  No affidavit of service has ever been filed.  The affidavit proffered in connection with the hearing on this motion was unsigned, it was not created at

the time service was allegedly made, and the process server who presumably provided the information on which the affidavit was based did not testify at the hearing.

Therefore, the plaintiff has not met its burden of proving that service of the Second Amended Complaint was properly effectuated on Haider Engineering.

B. Waiver Through Conduct

It is well established that the defense of insufficient service of process can be waived "by submission through conduct." Howard, 977 F. Supp. at 658-59 (quoting Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168 (1939)).  When determining whether a party's conduct waived the defense, courts examine "the nature and extent of defendants' contacts with the court."  Arthur Williams, Inc. v. Helbig, No. 00 Civ. 2169, 2001 WL 536946, at *2 (S.D.N.Y. May 21, 2001) (quoting Trustees of Central Laborers' Welfare Fund v. Lowery, 924 F.2d 731, 733 (7th Cir. 1991)).

Courts typically find that "actual knowledge of a suit coupled with extensive participation in pretrial proceedings" is sufficient to constitute a waiver of the insufficient service defense.  Id. For instance, where a defendant appears in a proceeding but then waits a period of years before moving to dismiss for insufficient of process, while in the meantime participating in discovery or settlement conferences, waiver will be found.  See, e.g., Hamilton v. Atlas Turner, 197 F.3d 58, 61-62 (2d Cir. 1999) (finding that

defendant waived insufficient service of process defense by participating in extensive pretrial proceedings and forgoing numerous opportunities to move for dismissal during four-year interval that followed its answer); Pennsylvania Lumbermens Mutual Insurance Co. v. Forman's of Orchard St., Inc., No. 96 Civ. 0508, 1998 WL 241963, at *2-3 (S.D.N.Y. May 14, 1998) (finding that defendant waived insufficient service of process defense by failing to raise it in multiple pretrial conferences, discovery, or prior motion practice, including its own motion to dismiss); Federal Home Loan Mortgage Corp. v. Dutch Lane Associates, 775 F. Supp. 133, 138 (S.D.N.Y. 1991) (finding that defendants' filing an answer and participating in seven months of settlement discussions and two pretrial conferences was sufficient to constitute waiver); Burton v. Northern Dutchess Hospital, 106 F.R.D. 477, 481 (S.D.N.Y. 1985) (finding that defendant waived insufficient service of process defense through three and one-half years of participation in "discovery, pre-trial conferences and motions relating to discovery and to the merits of the case.").

On the other hand, "limited participation in pretrial proceedings does not result in waiver of the defense, even where the defendant has actual knowledge of the suit." Arthur Williams, Inc., 2001 WL 536946, at *3.   Simply filing an appearance is insufficient to constitute waiver.  Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972).  Likewise, appearances made only for the

purpose of requesting extensions of time are insufficient, even where parties have engaged in complementary settlement negotiations. See, e.g., Ladmen Partners, Inc. v. Globalstar, Inc., No. 07 Civ. 0976, 2008 WL 4449280, at *8 (S.D.N.Y. Sept. 30, 2008) (suggesting that defendant had not waived right to assert improper service defense despite stipulating to filing amended complaint, filing notice of appearance, and engaging in multiple discussions with plaintiff's counsel); Elbex Video Kabushiki Kaisha v. Taiwan Regular Electronics Co., No. 93 Civ. 6160, 1994 WL 185896, at *2-3 (S.D.N.Y. May 10, 1994) (finding no waiver of improper service defense where defendant participated in teleconferences with court regarding time extensions and appeared at settlement conference); I.L.G.W.U. National Retirement Fund v. Meredith Grey, Inc., 986 F. Supp. 816, 819-20 (S.D.N.Y. 1997) (finding no waiver of improper service defense where defendant participated in out-of-court settlement negotiations but "neither appeared before the Court nor submitted any pleadings or motions").

In the instant case, Haider Engineering's conduct falls short of what would constitute a waiver of its right to assert an insufficient service of process defense. Since corporations cannot appear pro se in federal court, any contact that Mr. Haider had with the Court prior to the appearance of Haider Engineering through its attorney on April 24, 2008, cannot be attributed to the corporate defendant. See Grace v. Bank Leumi Trust Co. of New

11

York, 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is well-settled that a 'corporation may appear in the federal courts only through licensed counsel.'" (quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)). Similarly, Mr. Haider's appearance at his deposition on February 16, 2005, did not implicate the corporate defendant; the examination was not a deposition of the corporation noticed pursuant to Rule 30(b)(6), and there is no indication that Mr. Haider appeared on behalf of Haider Engineering rather than as a non-party witness with relevant knowledge. In addition, Mr. Haider's personal involvement in the suit has been minimal. Aside from the deposition, plaintiff's counsel only spoke on the phone with Mr. Haider about the nature of the suit and how Mr. Haider should respond; they did not discuss settlement. (Tr. at 8, 10).

In sum, Haider Engineering's conduct prior the filing of this motion was insufficient to waive its right to assert a defense of insufficient service of process.

C. Extension of Time to Serve under Rule 4(m)

Under Rule 4(m):

If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). An extension can also be granted in the

absence of good cause based upon consideration of four factors:
"(1) whether the applicable statute of limitations would bar the
refiled action; (2) whether the defendant had actual notice of the
claims asserted in the complaint; (3) whether the defendant had
attempted to conceal the defect in service; and (4) whether the
defendant would be prejudiced by the granting of the plaintiff's
request for relief from the provision." Eastern Refractories Co.
v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y.
1999); see also Zapata v. City of New York, 502 F.3d 192, 196 (2d
Cir. 2007) ("[D]istrict courts have the discretion to grant
extensions of the service period even where there is no good cause
shown.").

        "A delay in service resulting from the mere inadvertence,
neglect, or mistake of a litigant's attorney does not constitute
good cause." AIG Managed Market Neutral Fund v. Askin Capital
Management, L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000). Here, there
is no question that the plaintiff's inability to provide proof of
service is due to the neglect of plaintiff's prior counsel, who
failed to monitor the process server and never obtained or filed an
affidavit of service. The plaintiff has therefore not demonstrated
good cause for extending the service deadline.

        Turning to the first element of the four factor test for
equitable relief, "courts have consistently considered the fact
that the statute of limitations has run on a plaintiff's claim as

13

a factor favoring the plaintiff in a Rule 4(m) analysis." Id. at 109; see Fed. R. Civ. P. 4(m) advisory committee's note ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action. . . ."). Expiration of the statute of limitations is not dispositive, however. See Zapata, 502 F.3d at 198; Alvarado v. American Freightways, Inc., No. 04 Civ. 9536, 2005 WL 1467893, at *6 (S.D.N.Y. June 21, 2005) ("Although the fact that the statute of limitations has run on a plaintiff's claim is seen as a factor favoring the plaintiff . . . it does not guarantee an extension for every case that may be time-barred if refiled."). In the instant case, Mr. Gore's claims against Haider Engineering would be time barred if the action is dismissed for insufficient service. The first factor therefore weighs in favor of extending the time to effect service. The second factor also favors the plaintiff, since Haider Engineering does not dispute that it had actual notice of Mr. Gore's claims. The plaintiff has produced no evidence that the defendant attempted to conceal any defect in service, and there is no indication that it did; therefore, the third factor favors Haider Engineering.

    The fourth factor weighs potential prejudice to the defendant. The Second Circuit has held that prejudice caused to a defendant as a result of extending a plaintiff's time to serve under Rule 4(m) is not dispositive where the action would otherwise be time barred. See Zapata, 502 F.3d at 198 ("[W]e disagree with the district

14

court's formulation that a dispositive degree of prejudice to the defendant is 'assumed' when statute of limitations would bar the re-filed action."); <u>Alvarado</u>, 2005 WL 1456783, at *6 ("[Defendant's] contention that allowing service after the statute of limitations has expired, by itself, qualifies as prejudice is erroneous."); <u>but see</u> <u>Orescovery, Inc. v. One Group Intern., Inc.</u>, No. 02 Civ. 8993, 2005 WL 1958359, at *2 (S.D.N.Y. 2005) (denying extension under four factor test where plaintiffs failed to prove that defendants had actual notice or concealed defect in service and plaintiff's failure to serve was result of counsel's negligence).   Haider Engineering has not alleged that it would suffer any prejudice if relief is granted to the plaintiff.   Of course, it will now have to defend this litigation, but in that respect it is in no worse position than if it had been properly served at the outset.

Since the statute of limitations would bar the plaintiff from re-filing his suit against Haider Engineering and nothing in the record indicates that an extension of the time for service will prejudice the defendant, the balance of equities tips in favor of the plaintiff.

<u>Conclusion</u>

For the reasons set forth above, I recommend that Haider Engineering's motion to dismiss be denied and that the plaintiff's time to effect service on Haider Engineering be extended under Rule

4(m) until thirty (30) days from the date of the issuance of the Court's decision.  Pursuant to 28 U.S.C. § 636(b) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Richard J. Sullivan, U.S.D.J., Room 615 at 500 Pearl Street, New York, New York, 10007, and to the Chambers of the undersigned, Room 1960 at 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

James C. Francis IV
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           March 10, 2009

Copies mailed this date to:

David M. Fish, Esq.
500 Fifth Avenue, Suite 5100
New York, NY 10110

David M. Walsh, Esq.
John M. Nolan II, Esq.
Jackson Lewis LLP (NJ)
220 Headquarters Plaza, East Tower, 7th Floor
Morristown, NJ 07960

16

Joseph B. Fiorenzo, Esq.
Sokol, Behot & Fiorenzo
Continental Plaza
433 Hackensack Avenue
Hackensack, NJ 07601-6319

Lalit K. Loomba, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604-3407